684 So.2d 290 (1996)
Steven M. STEEL, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2413.
District Court of Appeal of Florida, Fourth District.
December 11, 1996.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
This is an appeal from a second summary denial of defendant's motion for relief under Florida Rule of Criminal Procedure 3.850. In Steel v. State, 662 So.2d 1034 (Fla. 4th DCA 1995), we reversed the trial court's summary denial and remanded for either an evidentiary hearing or attachment of those parts of the record showing that defendant is not entitled to relief. Because the record attachments to the trial court's subsequent order of summary denial do not conclusively *291 demonstrate that defendant is not entitled to relief, we reverse and remand for the trial court to conduct an evidentiary hearing.
Defendant was convicted of aggravated battery, theft, and robbery. Defendant timely filed a rule 3.850 motion in which he alleged ineffective assistance of counsel on multiple grounds. We find none of these grounds legally sufficient except for the allegations relating to defense counsel's use of incorrect information that the victim had previously solicited male sexual favors and had been arrested.
The theory of the defense was that the victim had picked up defendant while hitchhiking and made homosexual advances toward him. Based on defense counsel's misinformation, he asked the victim during trial whether he had ever been arrested for soliciting an undercover male police officer for sex. When the victim denied the charge, defense counsel stated in front of the jury that the prosecutor had supplied him with the relevant police report. The trial court ordered defense counsel to produce documentary evidence to support his assertion.
After defense counsel attempted unsuccessfully to locate corroborative evidence, he admitted that he had confused this case with another case he was handling where there was evidence that the victim had been arrested for solicitation. Counsel apologized to defendant on the record and explained that he had assured defendant for months before trial that such evidence in fact existed.
By confusing the evidence in two unrelated cases, misadvising defendant over several months, and cross-examining the victim without first verifying the accuracy of a critical fact, defense counsel's conduct fell outside the range of acceptable performance. See Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064-65, 80 L.Ed.2d 674 (1984). In the state's response to defendant's rule 3.850 motion, which was adopted by and incorporated into the trial court's order, the state conceded that defense counsel's error met the first prong of Strickland, in that defense counsel's conduct fell measurably below the standard of competent counsel. See 466 U.S. at 687, 104 S.Ct. at 2064.
For a claim of incompetent counsel to require reversal, a defendant must also show the likelihood that counsel's deficient conduct affected the outcome of the proceedings. Id. at 687-88, 104 S.Ct. at 2064-65; see also Knight v. State, 394 So.2d 997, 1001 (Fla. 1981). The state argues that this second prong was not met in light of the overwhelming evidence of guilt, including defendant's confession. However, the record attachments consist only of selected excerpts from defendant's trial. Although there is reference in the attachments to a taped confession, no transcript of the alleged confession has been provided.
It certainly is likely that the jury would have rejected defendant's defense that the victim had acted as a sexual aggressor toward him after defense counsel's other accusation about solicitation had proved completely false and unfounded. Given the nature of the errordefense counsel's false and admittedly unfounded accusation against the victimwe cannot conclude, based on the record attachments provided, that defense counsel's deficient conduct did not affect the result. See Goswick v. State, 658 So.2d 1215 (Fla. 1st DCA 1995). An evidentiary hearing must therefore be held on defendant's claim that absent the deficient conduct, the result would have been different. See Anthony v. State, 660 So.2d 374 (Fla. 4th DCA 1995).
Defendant asserts, as another by-product of the misinformation, that he would have accepted the state's plea offer had he known that there was no independent evidence to support his self-defense claim. A claim that misinformation supplied by counsel induced a defendant to reject a favorable plea offer can constitute actionable ineffective assistance of counsel. See Kelly v. State, 623 So.2d 619 (Fla. 4th DCA 1993); Young v. State, 625 So.2d 906 (Fla. 2d DCA 1993); Young v. State, 608 So.2d 111 (Fla. 5th DCA 1992). On remand, defendant must establish that if he had been correctly advised, he would have accepted the plea offer and that his acceptance would have resulted in a lesser sentence. Young, 608 So.2d at 113. An evidentiary hearing is necessary to establish the terms of the plea offer, when the offer was made, and whether the pre-trial offer *292 was more favorable than the sentence defendant received. Id.
Accordingly, we reverse the trial court's summary denial with directions to hold an evidentiary hearing on the issue of prejudice to defendant resulting from defense counsel's deficient performance and on defendant's claim that he would have accepted a more favorable plea offer had counsel not misinformed him that independent evidence existed to support his self-defense claim.
REVERSED AND REMANDED.
DELL and STEVENSON, JJ., concur.