BLUE, Acting Chief Judge.
Ronald Washington a/k/a Ronald Watson contends he improperly received a habitual offender sentence for possession of cocaine. We agree and reverse.
Washington appeared for resentencing on one count of possession of cocaine and one count of sale of cocaine after remand from this court. See Watson v. State, 718 So.2d 253 (Fla. 2d DCA 1998).[1] Unfortunately, the trial judge, who was the original sentencing judge, was so busy complaining (with eheerleading from the prosecutor) about this court’s opinion and the individual judges of this court on that panel that he got the sentence wrong again. Section 775.084(l)(a)3, Florida Statutes (1995), does not permit a habitual offender sentence for a felony that is a violation of section 893.13, Florida Statutes (1995), relating to the purchase or possession of a controlled substance. See Livingston v. State, 682 So.2d 591 (Fla. 2d DCA 1996).
Accordingly, we again reverse the sentence for possession of cocaine and remand to the trial court with directions that the sentence be corrected to remove the habitual offender designation.
Reversed and remanded with directions.
GREEN and STRINGER, JJ„ Concur.

. We have no idea why the original case was styled Ronald Watson a/k/a Ronald Washington v. State and this case is styled Ronald Washington a/k/a Ronald Watson v. State.