792 So.2d 650 (2001)
Ray OWENS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3992.
District Court of Appeal of Florida, Fourth District.
August 29, 2001.
*652 Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING AND CLARIFICATION
DONNER, AMY STEELE, Associate Judge.
We deny the motion for rehearing, but grant the motion for clarification withdrawing our prior opinion and substituting the following in its place.
Ray Owens, appellant, appeals his conviction in lower court case 98-4826 and his sentences in lower court cases 98-4769 and 98-4826. This court has jurisdiction. In both cases, appellant was found guilty by a jury of both the sale and possession of cocaine.
Prior to trial, the state offered appellant a plea of four years in state prison as to both cases. Appellant rejected the offer upon advice of counsel and chose to proceed to trial. In case 98-4826, the state charged appellant by amended information with the sale and possession of cocaine. At trial, the state presented four witnesses (two Drug Enforcement Agency agents, Detective Roane and Detective Caudell; a confidential informant; and a crime lab technician). The state also submitted two videotapes of appellant selling narcotics to the informant. On one videotape, the informant identified appellant by his first name. Roane compared a picture of appellant with the videotape and confirmed appellant's identification. The videotape also shows appellant approaching the informant's vehicle and placing his arm into that vehicle. The informant bought $200.00 of crack cocaine from appellant.
In case 98-4826, the trial court sentenced appellant as a habitual felony offender for both counts. As to count I, sale of cocaine, the trial court sentenced appellant to ten years in prison. As to count II, possession of cocaine, the trial court sentenced appellant to a concurrent sentence of five years.
In case 98-4769, the state charged appellant with the sale and possession of cocaine. As to count I, sale of cocaine, the trial court sentenced appellant as a habitual *653 felony offender to 30 years in prison. As to count II, possession of cocaine, the trial court sentenced appellant to a concurrent sentence of 5 years. These sentences were to run concurrent to the sentences imposed in case 98-4826.
Appellant timely filed one notice of appeal for both cases. Appellant raises as error the following: (1) ineffective assistance of counsel during plea negotiations; (2) abuse of discretion by the trial court in limiting appellant's cross-examination of the informant; and (3) error on the part of the trial court in sentencing appellant as a habitual felony offender as to count II, possession of cocaine, in case 98-4826.
This appeal is properly before this court because the conflicts in this case are apparent on the face of the record. Therefore, this appeal was properly brought on direct appeal rather than by a motion pursuant to Florida Rule of Criminal Procedure 3.850. See Blanco v. Wainwright, 507 So.2d 1377 (Fla.1987).

Ineffective Assistance of Counsel
In case 98-4826, appellant contends that he did not receive effective assistance of counsel because counsel failed to properly investigate the case by not viewing a damaging videotape prior to trial. In case 98-4769, appellant contends that counsel's failure to properly investigate case 98-4826 prejudiced him so that he rejected a package plea offer which encompassed both cases. The videotape depicted appellant engaging in a drug transaction with the informant. Had defense counsel informed him of this videotape, he would have accepted the plea offer of four years as his guilt was evident from the videotape. Appellant further argues that a conflict of interest arose when defense counsel essentially admitted his ineffectiveness during the hearing on his motion for a new trial in case 98-4826. That hearing occurred prior to the two sentencing hearings. Appellant argues that once the conflict was brought to the trial court's attention, the trial court had to investigate and appoint conflict-free counsel and its failure to do so entitles him to a new sentencing hearing in both cases.
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), sets forth the two-prong test to determine whether an accused received ineffective assistance of counsel:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Id., 466 U.S. at 687, 104 S.Ct. at 2064.
The Supreme Court further held that the appropriate test for determining prejudice under the second prong requires that the
defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
Id., 466 U.S. at 694, 104 S.Ct. at 2068. Regarding the two-prong test itself, the Court stated that a court should not treat the test as a mechanical set of rules.
See Steel v. State, 684 So.2d 290, 291 (Fla. 4th DCA 1996) ("A claim that misinformation supplied by counsel induced a defendant to reject a favorable plea offer can constitute actionable ineffective assistance *654 of counsel"); Rutherford v. State, 727 So.2d 216 (Fla.1998).
At trial in case 98-4826, the state introduced the damaging videotape into evidence without objection. Prior to playing the tape for the jury, the state requested a brief recess. At that time, defense counsel, the informant, and the state, viewed the tape outside the jury's presence. Prior to publication, defense counsel did not inform the trial court that he had not seen the tape before that day. Instead, defense counsel agreed on the record that the tape depicted the day of the drug transaction. The informant then proceeded, without objection, to explain the events depicted on the tape as it played for the jury.
After the state published the tape and submitted Roane's testimony, defense counsel proffered for the record that he did not get a copy of the tape and view it prior to its publication. Defense counsel explained that he did not object to the admittance of the tape into evidence because he did not think the state committed any discovery violation. Defense counsel suspected that the error was due to either himself or his secretary, but it was also possible that the state gave his secretary the wrong tape. He stated for the record that he wished to look into the matter, but he neither requested a Richardson[1] hearing, a continuance, nor a recess.
In his written motion for a new trial, defense counsel argued that a flaw or error occurred in the discovery process which he did not discover until the day of the trial. He noted that the state's discovery listed three videotapes and he received three videotapes prior to trial. The tape viewed at trial by the jury, however, was not one of them.
Prior to sentencing, defense counsel argued that appellant was entitled to a new trial because he failed to obtain the damaging videotape during discovery and that the failure was devastating since the tape clearly showed appellant engaging in a drug transaction. Defense counsel explained that while his secretary had received three tapes from the state, one of the tapes showed a drug transaction between parties that did not include appellant. Counsel admitted that he probably should have requested a Richardson hearing, but noted that he was not arguing that the tape was suppressible, only that a mistake was made for which his client was being penalized. Finally, defense counsel argued that if he had timely received the damaging tape, he would have recommended acceptance of the state's plea offer and not proceeding to trial. The state countered that it did not wilfully violate the rules of discovery and that it repeatedly told defense counsel that it had his client on tape and could not understand why defense counsel was not interested in a plea. The state stressed that defense counsel stated that his client wanted a trial and such was the appellant's position all along, given that since his conviction in this case appellant opted to proceed to trial in his other cases as well. The trial court made no further inquiry and denied appellant's motion for a new trial.
The record in this case shows that appellant received a fair trial. The claim of ineffective assistance arose when defense counsel discovered the damaging content of the videotape and failed at that moment to request a continuance or a recess to discuss the matter with appellant and reevaluate *655 whether to accept the plea offer. When defense counsel initially advised appellant not to take the plea offer as to both cases, he did so without knowledge of the damaging videotape. Without this information, appellant could not make an informed decision on whether to accept the state's plea offer as to both cases. Therefore, appellant has met the first prong of the Strickland ineffective assistance of counsel test. See Strickland, supra.
The second prong of the Strickland test, however, remains unsatisfied as appellant has not shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. First, the record contains no evidence of the four-year plea offer as to both cases. Second, as the state noted during the course of the new trial argument, appellant was tried and convicted on his other cases. As such, appellant requested a trial in all of his cases. Based on the state's representations, it seems that appellant would have acted contrary to defense counsel's advice, rejected the state's plea, and proceeded to trial, even if defense counsel had taken a recess and explained the effect of the videotape.
Given the preceding, this court remands this matter for an evidentiary hearing on appellant's claim that there existed a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. On remand, appellant "must establish that if he had been correctly advised, he would have accepted the plea offer and that his acceptance would have resulted in a lesser sentence. An evidentiary hearing is necessary as to cases 98-4769 and 98-4826 to establish the terms of the plea offer, when the offer was made, and whether the pre-trial offer was more favorable than the sentence defendant received." Steel, 684 So.2d at 291-92 (citations omitted).

Conflict of Interest
Regarding a claim of ineffectiveness based on a conflict of interest, the Supreme Court of Florida stated in Herring v. State, 730 So.2d 1264, 1267 (Fla. 1998);
To prove an ineffectiveness claim premised on an alleged conflict of interest the defendant must "establish that an actual conflict of interest adversely affected his lawyer's performance." ... A lawyer suffers from an actual conflict of interest when he or she "actively represent[s] conflicting interests." ... To demonstrate an actual conflict, the defendant must identify specific evidence in the record that suggests that his or her interests were impaired or compromised for the benefit of the lawyer or another party. Without this factual showing of inconsistent interests, the conflict is merely possible or speculative, and, under Cuyler, 446 U.S. at 350, 100 S.Ct. 1708, 64 L.Ed.2d 333, such a conflict is "insufficient to impugn a criminal conviction."
(Citations omitted.) In this case, defense counsel could not effectively represent appellant during sentencing as to both cases when he faced a possible ineffectiveness of counsel claim as the more he said, the more he put into the record which could later be used against him in the ineffectiveness claim. Should appellant satisfy the requirements to establish his ineffective assistance claim based on a conflict of interest, then appellant should receive specific performance of the plea offer and be re-sentenced in both lower court cases with the aid of conflict-free defense counsel. See Adams v. State, 380 So.2d 421 (Fla.1980); Herring, supra. Should the trial court reject the plea offer, a new trial *656 would not be warranted because appellant received a fair trial and he did not allege as error the tape's admittance into evidence.

Cross-Examination of the Informant
In case 98-4826, appellant contends that the trial court abused its discretion by not allowing defense counsel to establish that the informant did not have a valid driver's license when he drove to the crime scene. Appellant argues that this inquiry was relevant to impeach the credibility of the informant and the agents and to cast doubt on the integrity of the agents' procedures. Regarding abuse of discretion, the Supreme Court of Florida explained in Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980):
In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the "reasonableness" test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.
Reasonable persons could conclude that the evidence appellant sought to introduce was not relevant to whether appellant possessed and sold crack cocaine to the informant. Reasonable persons could further conclude that the evidence was not relevant because its probative value was substantially outweighed by the danger that it would confuse or mislead the jury. Therefore, the trial court's decision to preclude appellant from questioning the informant as to whether he had a valid driver's license was not "arbitrary, fanciful or unreasonable." Id. 382 So.2d at 1203.

Sentencing as a Habitual Offender
In case 98-4826, appellant claims that the trial court erred when it sentenced him to a five-year (60 months) concurrent sentence, as a habitual offender for the cocaine possession count. Appellant argues that section 775.084(1)(a)3, Florida Statutes (1997), specifically exempts those convicted of "purchase or possession of a controlled substance," pursuant to section 893.13, Florida Statutes, from a habitual offender sentence. The state informed the trial court at sentencing that it could not habitualize appellant on the possession of cocaine charges to which appellant agreed. The state correctly concedes that the trial court erred and asks this court to reverse and remand for re-sentencing on count II, possession of cocaine, in case 98-4826. See Oliver v. State, 734 So.2d 1083 (Fla. 1st DCA 1999); Washington v. State, 750 So.2d 118 (Fla. 2d DCA 1999); Pittman v. State, 733 So.2d 594 (Fla. 3d DCA 1999); Daniels v. State, 679 So.2d 354 (Fla. 5th DCA 1996). Accordingly, we reverse and remand for re-sentencing on count II, possession of cocaine.
We reverse and remand for an evidentiary hearing for appellant to prove prejudice on his ineffective assistance of counsel claim as to cases 98-4769 and 98-4826 and for re-sentencing on count II, possession of cocaine, in lower court case 98-4826 with the assistance of conflict-free counsel. If necessary, the trial court should appoint conflict-free defense counsel to assist appellant at the evidentiary hearing.
POLEN, C.J., and GUNTHER, J., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971) (as to discovery violations, a trial court may properly exercise its discretion only after it makes an adequate inquiry into all of the surrounding circumstances).