825 So.2d 1012 (2002)
Mark A. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4513.
District Court of Appeal of Florida, Fourth District.
September 4, 2002.
Mark A. Smith, Arcadia, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm an order that summarily denied Smith's rule 3.850 motion for postconviction relief.
Smith was convicted of armed burglary of a structure. The trial court sentenced him to thirty years as a habitual offender.
Smith alleges that he rejected a plea offer of seven years as a habitual offender. He claims that counsel failed to advise him that based on the evidence, including Smith's statement to the authorities, there was no defense to the lesser-included offense of armed trespass for which he could have been sentenced to ten years as a habitual offender. Smith claims that had he been so advised, he would have accepted the state's seven year offer to the offense of armed burglary, the charged offense, because he did not deny being on the burglarized premises.
*1013 We recognize that failure to properly convey a plea offer can constitute ineffective assistance of counsel. See Cottle v. State, 733 So.2d 963 (Fla.1999). A prima facie case of ineffective assistance of counsel based on the rejection of a plea offer requires allegations and proof (1) that counsel failed to communicate a plea offer or misinformed the defendant concerning the penalties; (2) that the defendant would have accepted the plea offer but for the inadequate communication; and (3) that acceptance of the plea offer would have resulted in a lesser sentence. Cottle. Cottle recognized that the prejudice to the defendant, required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is inherent in the defendant's inability to make an informed decision concerning whether to accept the plea offer. Id.
We note that it is not Smith's position that counsel failed to relay the offer, but rather that counsel failed to fully explore the plea in connection with the lack of defense to the lesser-included offense.
In Szymanowski v. State, 771 So.2d 10 (Fla. 4th DCA 2000), this court recognized that misinformation by counsel affecting a defendant's decision to accept a plea may constitute ineffective assistance of counsel under certain circumstances. However, we conclude that merely alleging that counsel told him to reject the plea, without more, does not demonstrate that counsel fell below the "objective" standard of reasonableness under Strickland. See also Gonzales v. State, 691 So.2d 602 (Fla. 4th DCA)(rejecting a plea and proceeding to trial is a tactical or strategic decision, which cannot be the basis of an ineffective assistance of counsel claim), rev. denied, 700 So.2d 685 (Fla.1997).
We have considered Owens v. State, 792 So.2d 650 (Fla. 4th DCA 2001); Steel v. State, 684 So.2d 290 (Fla. 4th DCA 1996), and deem them inapposite. Each involves misinformation about the evidence, or lack of evidence, against the defendant as to the charge for which he was convicted.
In Cottle, the petitioner claimed facts which, if true, evidence prejudice. Here, however, even if true, the alleged failure to fully advise as to the lesser crime is insufficient to demonstrate prejudice under Strickland.
Therefore, the order is affirmed.
GROSS and MAY, JJ., concur.