PER CURIAM.
We find appellant’s claim of ineffective assistance of counsel to be legally sufficient for a motion for post-conviction relief. We therefore reverse the denial of relief and remand this case to the trial court for an evidentiary hearing on whether counsel failed to inform appellant of the results of drug testing when they became available so that appellant could reevaluate whether to accept the State’s plea offer. On remand, appellant must establish that defense counsel failed to inform him about the results of the lab report before the report was introduced into evidence, that he would have accepted the plea offer had he been correctly advised, and that the acceptance of the plea offer would have resulted in a lesser sentence. See Owens v. State, 792 So.2d 650 (Fla. 4th DCA 2001); Steel v. State, 684 So.2d 290 (Fla. 4th DCA 1996); Gomez v. State, 874 So.2d 670 (Fla. 3d DCA 2004).
KLEIN, SHAHOOD and GROSS, JJ., concur.