920 So.2d 59 (2005)
Ray OWENS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1917.
District Court of Appeal of Florida, Fourth District.
December 28, 2005.
*60 Ray Owens, Jr., South Bay, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Ray Owens, Jr. (Defendant) appeals an order summarily denying, as successive, his motions for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, in two different lower tribunal cases. We reverse and remand for the trial court to consider the motions on the merits.
Defendant was charged in three drugs cases, all allegedly occurring in 1998; following three jury trials, he was acquitted in one and found guilty as charged in the other two. He was convicted in L.T. case numbers 98-4769 and 98-4826. In connection with a single direct appeal from both convictions, this court remanded for an evidentiary hearing with respect to both cases on Defendant's claim of ineffective assistance of counsel, apparent from the face of the record. See Owens v. State, 792 So.2d 650 (Fla. 4th DCA 2001). Following the evidentiary hearing on January 3, 2002, an order denying relief was entered on January 25, 2002.[1] Defendant appealed and, in case number 4D02-1084, this court affirmed per curiam without opinion. Owens v. State, 845 So.2d 209 (Fla. 4th DCA 2003) (Table).
Thereafter Defendant filed separate rule 3.850 motions for postconviction relief in both lower tribunal cases, raising distinct claims of ineffective assistance of counsel. The state's response concedes the motions were timely filed within two years from the date the mandate issued in case number 4D02-1084.
In one order captioned in connection with all three lower tribunal case *61 numbers, the trial court summarily denied both motions, stating that Defendant's new claims of ineffective assistance of counsel were barred as successive where different grounds were previously raised and rejected after an evidentiary hearing in an order entered on January 28, 2002, attaching a copy of the order entered after the hearing on remand from the direct appeal. It did not attach any prior rule 3.850 motion to establish successiveness.
Under the circumstances, the motions should not have been denied as successive. See Loren v. State, 601 So.2d 271 (Fla. 1st DCA 1992) (reversing the summary denial of a defendant's ineffectiveness claim raised by motion for postconviction relief, holding it was not barred by her assertion of a different ineffective assistance of counsel claim on direct appeal); Martin v. State, 501 So.2d 1313 (Fla. 1st DCA 1986) (reversing the denial of a postconviction motion, after evidentiary hearing, where the trial court had ruled that the issue of ineffective assistance of the defendant's second counsel, Pafford, was res judicata because the ineffective assistance of her first attorney, Wolbert, became an issue on direct appeal, as the specific allegations concerning attorney Pafford had not been preserved for appeal).
Ordinarily, claims of ineffective assistance are not reviewable on direct appeal. We reject the state's argument that it was Defendant's burden to establish in his motion that the claims of ineffective assistance of counsel now raised could not have been raised also on direct appeal. While certain grounds appear to be legally insufficient, otherswhich the state argues the trial court would have denied on the merits based on the evidence presented at trialrequire portions of the record to refute them. We decline to consider the merits of these motions before the trial court does so and thus reverse and remand for the trial court to consider both motions on the merits.
Reversed and Remanded.
FARMER, SHAHOOD and HAZOURI, JJ., concur.
NOTES
[1] The order bears a certificate of service dated January 28, 2002, perhaps explaining why the trial court later would refer to it by that date. It inaccurately purported to deny a motion for postconviction relief.