922 So.2d 457 (2006)
Bruce BRADBERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1004.
District Court of Appeal of Florida, Fourth District.
March 15, 2006.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant, Bruce Bradberry, appeals the judgment of conviction of four counts of sexual battery upon a child, two counts of lewd and lascivious molestation, one count of child abuse and one count of contributing to the delinquency of a child. He raises four issues on appeal, all of which we affirm. We write to address only the fourth issue raised, which asserts that appellant's trial counsel was inadequate and the cumulative effect of the alleged errors, along with prosecutorial misconduct, denied him due process of law.
Appellant claims that his attorney was deficient in failing to object to the introduction *458 of certain evidence or to comments made by the prosecutor. He cites forty-four examples of alleged ineffective assistance of counsel. Most of the complained-of, unobjected-to comments occurred during the prosecutor's closing argument.
With rare exceptions, ineffective assistance of trial counsel claims should be raised on a motion for post-conviction relief. Gore v. State, 784 So.2d 418, 438 (Fla.2001); see also Owens v. State, 920 So.2d 59 (Fla. 4th DCA 2005) (noting that claims of ineffective assistance of counsel are generally not cognizable on direct appeal). Only when the claims of error are apparent on the face of the record may they be brought on direct appeal. See Owens v. State, 792 So.2d 650 (Fla. 4th DCA 2001).
In this case, the forty-four alleged errors of the public defender are more appropriately addressed by the trial court at a post-conviction hearing. As appellee points out, defense counsel's failure to object in many instances may have been part of the trial strategy. The trial court would be in the best position to evaluate defense counsel's performance and determine, following an evidentiary hearing, whether counsel was deficient and whether such deficiency prejudiced the defense. See generally Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
We affirm on this issue without prejudice for appellant to raise it in a motion for post-conviction relief. We affirm as to all other issues raised without further comment.
Affirmed without prejudice.
POLEN and TAYLOR, JJ., concur.