928 So.2d 1256 (2006)
Jamie Maurice DESIRE a/k/a Jamie Nivol, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2857.
District Court of Appeal of Florida, Third District.
May 24, 2006.
*1257 Russell Warren Mace III, Boca Raton, for appellant.
Charles J. Christ, Jr., Attorney General, and Meredith L. Balo, Assistant Attorney General, for appellee.
Before COPE, C.J., and GREEN and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Jamie Maurice Desire, a/k/a Jamie Nivol ("Desire") appeals his convictions for multiple offenses arising out of his participation in an armed carjacking of a UPS truck. The sole claim raised by Desire is a claim of ineffective assistance of trial counsel. We affirm.
The record reflects that, at the time Desire was charged with committing the offenses in this case, he was on probation in two other cases. A probation violation hearing was conducted on September 22, 2003, and a jury trial was commenced nearly one year later on August 30, 2004. Desire claims he was denied a fair trial due to his lawyer's failure to "prepare" a motion to suppress Desire's pre-trial statement for the probation violation hearing, and trial counsel's failure to ensure that he had a "proper" hearing on his motion to suppress prior to trial.
As a general rule, claims of ineffective assistance of counsel are not ordinarily cognizable on direct appeal. The exception is when the error is apparent on the face of the record, which is rarely the case. See Bradberry v. State, 922 So.2d 457, 458 (Fla. 4th DCA 2006); Lambert v. State, 811 So.2d 805, 807 (Fla. 2d DCA 2002); Thompson v. State, 764 So.2d 630, 631 (Fla. 1st DCA 2000).
Based upon the record before us, we see no reason to deviate from that rule. While Desire's attorney did not file a motion to suppress Desire's statement for the probation violation hearing, the record reflects that a hearing to suppress his statement was in fact conducted prior to the probation violation hearing, and the trial court specifically concluded that Desire's statement was freely and voluntarily made *1258 and did not violate the protections of the Fourth, Fifth, or Sixth Amendments to the Constitution.[1] Prior to the trial of the substantive charges, the Assistant Public Defender who had been representing Desire, was permitted to withdraw and new counsel was appointed. The transcript which has been made a part of this record, reflects that Desire's subsequently-appointed counsel read a transcript of the suppression hearing conducted prior to the probation violation hearing, prepared a written motion to suppress which was based upon the same grounds previously litigated, and the trial court again denied the motion. As it is clear a suppression hearing was conducted prior to the probation violation hearing, the trial court made specific findings that the statement was freely and voluntarily made, and Desire's motion to suppress his statement was reconsidered by the trial court prior to trial, we cannot conclude on the face of the record that either of the attorneys who represented Desire provided ineffective assistance of counsel.
Affirmed.
NOTES
[1] Desire's attorney explained that she had not filed a motion to suppress Desire's statement because Desire claimed that he had not made a statement. After discussions with the trial court, however, a suppression hearing was conducted.