PER CURIAM.
The appellant, Harley Blevins, Jr., appeals the summary denial of his rule 8.850 motion for postconviction relief. The record does not conclusively refute two legally sufficient grounds of ineffective assistance of counsel, thus we reverse and remand for an evidentiary hearing as to grounds one and two. We affirm, without comment, as to all other grounds for relief raised in the motion.
In the first ground for relief, Blevins claims his attorney failed to adequately advise him concerning a plea offer. Specifically, Blevins claims his attorney misinformed him concerning the presence of fingerprint evidence that tied him to the crimes and misinformed him of the ability of one eyewitness to positively identify him at the crime scene. Blevins alleges that if he had known of the fingerprint evidence and positive identification, he would have accepted the twenty-five-year prison sentence and thus avoided the life sentence he received after conviction. We conclude this allegation is legally sufficient and not refuted by the record. The allegations are virtually identical to those found in Steel v. State, 684 So.2d 290 (Fla. 4th DCA 1996), and distinguishable from Cottle v. State, 733 So.2d 963 (Fla.1999), and Smith v. State, 825 So.2d 1012 (Fla. 4th DCA 2002).
In the second ground for relief, Blevins claims his attorney failed to properly advise him of his right to testify. Prior to his colloquy concerning his right to testify, the parties discussed an objection to the State’s request for a jury instruction on the presumptions related to possession of recently stolen property. However, during this discussion, neither the attorneys nor the judge discussed the manner in which this presumption could be overcome and Blevins specifically alleges his attorney failed to explain this matter to him prior to making a decision to remain silent. In other words, Blevins was not aware that the instruction would tell the jury that the unexplained possession of recently stolen property raises the presumption of guilt. See generally Jalbert v. State, 95 So.2d 589 (Fla.1957) (explaining the presumption); Jackson v. State, 736 So.2d 77 (Fla. 4th DCA 1999) (noting the presumption exists for the unexplained possession of recently stolen property). Blevins includes a detailed description of his proposed testimony which attempts to provide an innocent explanation for his possession of recently stolen property. We conclude the specific allegations in this motion are legally sufficient and not refuted by the transcripts.
Because Blevins presents two legally sufficient claims of ineffective assistance of counsel that are not conclusively refuted by the record, we reverse and remand for further proceedings as to grounds one and two, wherein the lower court may conduct an evidentiary hearing if further record evidence cannot conclusively refute the claims. We affirm the summary denial as to all other claims of error.
GUNTHER, STEVENSON and HAZOURI, JJ., concur.