978 So.2d 268 (2008)
Curtis NAIRN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-5042.
District Court of Appeal of Florida, Fourth District.
April 9, 2008.
*269 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, C.J.
Appellant, Curtis Nairn, appeals his conviction, following a jury trial, for second degree murder and a sentence of life in prison. Appellant raises four issues on appeal, all of which we have carefully considered and affirm. We write to address only the third issue, in which appellant claims his trial counsel was ineffective.
Appellant argues that his counsel failed to introduce certain evidence at trial, to prevent an expert witness from testifying, and erred in using a redacted statement of his in cross-examination.
"As a general rule, claims of ineffective assistance of counsel are not ordinarily cognizable on direct appeal. The exception is when the error is apparent on the face of the record, which is rarely the case." Desire v. State, 928 So.2d 1256, 1257 (Fla. 3d DCA 2006); Bruno v. State, 807 So.2d 55, 63 n. 14 (Fla.2001) ("A claim of ineffectiveness can properly be raised on direct appeal only if the record on its face demonstrates ineffectiveness."); see, e.g., Aversano v. State, 966 So.2d 493 (Fla. 4th DCA 2007) (ineffective assistance of counsel apparent on face of record based on failure to request a specific jury instruction).
The claims appellant asserts are not apparent on the face of the record. The claims are more appropriately addressed by the trial court at a post-conviction hearing. See Bradberry v. State, 922 So.2d 457 (Fla. 4th DCA 2006).
We affirm on this issue without prejudice for appellant to raise it in a motion for post-conviction relief. We affirm as to all other issues raised without further discussion.
Affirmed.
POLEN and MAY, JJ., concur.