PER CURIAM.
The defendant appeals the summary denial of his Rule 3.850 motion alleging ineffective assistance of trial counsel. See Fla. R. Crim. P. 3.850. He argues that counsel was ineffective for misadvising him of the maximum sentence he faced, which caused him to reject a five-year plea offer. We agree that the summary record does not refute this allegation. We therefore reverse and remand the case to the trial court for further proceedings.
The State charged the defendant with driving with a suspended or revoked license and possession of cocaine. The defendant argues that counsel advised him that he faced a maximum sentence of five years’ imprisonment if convicted of driving with a suspended or revoked license, but failed to advise him of the potential of receiving a habitual offender sentence of ten years on the driving charge. See § 322.34(5), Fla. Stat. (2007). He alleges that he rejected a five-year plea offer based on that misadvice.
At trial, he was convicted of driving with a suspended license, but acquitted of the felony drug charge, which also carried a five-year maximum penalty. The State sought habitualization under section 775.084, Florida Statutes (2007). The court sentenced the defendant to eight years in prison as a habitual felony offender-three years more than he thought he faced on that charge. The defendant alleges that had counsel advised him of this possibility, he would have accepted the five-year plea offer.
The State acknowledges that counsel can be deemed deficient for misinforming a defendant about the maximum length of the sentence. It argues, however, that there is no prejudice because the defendant could have received a total of ten years if convicted of both the driving and drug offenses, and the court sentenced him below that amount. See, e.g., Steel v. State, 684 So.2d 290, 291 (Fla. 4th DCA 1996). The State contends the defendant continued to have exposure to a ten-year *155 sentence as a habitual offender, which is the same as the ten years he thought he faced if convicted of both charges. Therefore, the State argues he was not prejudiced by any alleged misadvice of counsel.
Even assuming that counsel misad-vised the defendant as alleged, the summary record does not refute the lack of prejudice under these circumstances. As the Florida Supreme Court recently explained, the proper prejudice inquiry should focus on whether the defendant would have accepted the plea if properly advised. Alcorn v. State, 121 So.3d 419, 2013 WL 2631143 (Fla. June 13, 2013).
[ T]he prejudice inquiry under Frye and Lafler is now whether the defendant has shown a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time, not whether he received the same sentence as what he was incorrectly advised.
Id. at 432 (citations omitted) (citing Missouri v. Frye, - U.S. -, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012); Lafler v. Cooper, - U.S. -, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012)).
We therefore reverse and remand the case to the trial court to either attach portions of the record conclusively refuting the defendant’s claim or to hold an eviden-tiary hearing addressing Alcorn. Beginning with the last prong first, the defendant’s sentence under the terms of the offer (five years) was less severe than the sentence imposed (eight years). Therefore, the remaining issues to be resolved by the trial court are whether the defendant can demonstrate a reasonable probability that: (1) he would have accepted the offer had counsel advised him of the correct statutory maximum sentence; (2) the prosecutor would not have withdrawn the offer; and (3) the court would have accepted the offer’s terms. See id.

Reversed and Remanded for further proceedings consistent with this opinion.

MAY, LEVINE and FORST, JJ., concur.