PER CURIAM.
Fred Massaro appeals the summary denial of his multi-point rule 3.850 motion alleging ineffective assistance of trial counsel. See Fla. R. Crim. P. 3.850. Massaro challenges the trial court’s summary denial of two points. We reverse and remand for further review of one of those claims.
Massaro alleges that counsel was ineffective for misadvising him of the maximum sentence he faced with respect to his pending violation of probation (VOP), and as a result, he rejected a twelve-year plea offer. Following a VOP hearing, the trial court sentenced Massaro to a thirty-five-year prison term with credit for 2,750 days served.
Massaro filed his rule 3.850 motion before the Florida Supreme Court issued its decision in Alcorn v. State, 121 So.3d 419 (Fla.2013). Alcorn explained the proper prejudice inquiry associated with such a claim of misadvice. Id. at 431-32 (citing Missouri v. Frye, — U.S. -, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012); Lafler v. Cooper, — U.S. -, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012)).
Responding to this court’s order to show cause, the State does not argue that the motion is legally insufficient. Compare Gibson v. State, 122 So.3d 428 (Fla. 4th DCA 2013). Rather, it points to the language within Alcorn that “courts are entitled to accept the defendant’s undisputed, yet self-serving, allegation that he would have taken the plea offer but for being misadvised on the proper statutory maximum as a basis for finding prejudice, but courts are not precluded from rejecting such a statement either.” 121 So.3d at 431-32. In making that statement, the Supreme Court was explaining that “[n]o single piece of evidence will absolutely mandate or foreclose a finding of prejudice under any and every scenario.” Id. at 431.
Unlike Alcorn, the trial court summarily denied Massaro’s claim. Massaro’s motion was filed under oath and supported with a transcript wherein there is a reference to a plea. See Fla. R. Crim. P. 3.850. The claim was not refuted by the record furnished. We, therefore, reverse and remand the case to the trial court for further proceedings. See, e.g., Gribble v. State, 120 So.3d 153 (Fla. 4th DCA 2013).

Affirmed in part, reversed in part and remanded.

STEVENSON, GROSS and CIKLIN, JJ., concur.