# Supreme Court of Florida

––––––––––

No. SC2023-0907

––––––––––

**CURTIS NAIRN,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

December 14, 2023

PER CURIAM.

Curtis Nairn, an inmate in state custody, filed a pro se petition for writ of prohibition with this Court seeking relief against the trial court. We denied the petition, retained jurisdiction, and directed Nairn to show cause why he should not be sanctioned for his repeated misuse of our limited resources. *Nairn v. State*, No. SC2023-0907, 2023 WL 5959745 (Fla. Sept. 13, 2023); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). We now find that Nairn has failed to show cause why he should not be barred, and we sanction him as set forth below.

Nairn was convicted of second-degree murder in the Seventeenth Judicial Circuit, in and for Broward County, case number 062006CF008303A88810. He was sentenced to life in prison, and his conviction and sentence were affirmed on direct appeal. *See Nairn v. State*, 978 So. 2d 268 (Fla. 4th DCA 2008).

Since 2007, Nairn has demonstrated a pattern of vexatious filing of meritless pro se requests for relief in this Court related to his conviction and sentence. Including the petition in this case, Nairn has filed fifteen pro se petitions with this Court.[1] The Court did not grant Nairn the relief sought in any of those filings; each of the petitions was transferred, dismissed, or denied. His petition in this case is no exception. Nairn sought a writ of prohibition directed at the circuit court judge who was presiding over his postconviction proceedings. Because we "will generally not consider the repetitive petitions of persons who have abused the judicial processes of the lower courts such that they have been barred from filing certain actions there," we dismissed the instant petition under

_____

1. *See Nairn v. State*, No. SC2023-0907, 2023 WL 5959745 (Fla. Sept. 13, 2023).

*Pettway v. State*, 776 So. 2d 930, 931 (Fla. 2000), and we directed Nairn to show cause why he should not be barred from filing any further pro se requests for relief in this Court.

In response, Nairn filed a "Motion to Withhold Sanction in Compliance With Court Order," in which he continued to argue his purported entitlement to relief related to his underlying case. He failed to acknowledge or express any remorse for his repeated misuse of this Court's limited resources nor state that he would abstain from further frivolous filings in this Court. Upon consideration of Nairn's response, we find that he has failed to show cause why sanctions should not be imposed. Therefore, based on Nairn's extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused the Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). It is apparent that if no action is taken, Nairn will

continue to burden the Court's resources. We further conclude that Nairn's prohibition petition filed in this case is a frivolous proceeding brought before the Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2023).

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Curtis Nairn that are related to case number 062006CF008303A88810, unless such filings are signed by a member in good standing of The Florida Bar. Furthermore, because we have found Nairn's petition to be frivolous, we direct the Clerk of this Court, under section 944.279(1), Florida Statutes (2023), to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Nairn is incarcerated.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

Original Proceeding – Prohibition

Curtis Nairn, pro se, Miami, Florida,

for Petitioner

No appearance for Respondent