882 So.2d 1057 (2004)
William ORTIZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4081.
District Court of Appeal of Florida, Fourth District.
August 25, 2004.
Rehearing Denied October 15, 2004.
William Ortiz, Florida City, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
*1058 PER CURIAM.
William Ortiz challenges the trial court's summary denial of his rule 3.850 motion wherein he raised seven issues. We affirm in part, reverse in part, and remand for further review of one point.
Ortiz was sentenced to life as a habitual offender and prison releasee reoffender (PRR) for burglary of a dwelling with battery, in addition to his sixty and ten-year prison terms for car jacking and grand theft. He faults trial counsel for failing to advise him that he could be sentenced as a prison releasee reoffender upon conviction. According to Ortiz, had he known this and the trial court's lack of discretion to mitigate the sentence in light of the PRR designation,[1] he would have accepted the more favorable plea offer to a prison term of fifteen years.
We find the claim legally sufficient, warranting further review. See Cottle v. State, 733 So.2d 963, 967 (Fla.1999); Smith v. State, 825 So.2d 1012 (Fla. 4th DCA 2002), review denied, 842 So.2d 846 (Fla.2003). We recognize the State's position that Ortiz does not allege a sufficient temporal relationship between the plea offer and the State's notice of intent to seek enhanced sentencing. This is a factor for the court's consideration on remand. See, e.g., Mathis v. State, 848 So.2d 1207 (Fla. 1st DCA 2003).
Affirmed in part, reversed in part, and remanded.
STONE, WARNER and STEVENSON, JJ., concur.
NOTES
[1] See Grant v. State, 770 So.2d 655 (Fla.2000).