892 So.2d 1209 (2005)
Gary T. WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-3003.
District Court of Appeal of Florida, Fifth District.
February 11, 2005.
*1210 Gary T. Wright, Sanderson, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and LaMya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Gary T. Wright appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion alleging ineffective assistance of trial counsel. Although he raises eight claims of ineffective assistance, we find merit in only one.
Wright complains that his trial counsel misadvised him when he had to choose between proceeding to trial and accepting a two-year plea offer. He proceeded to trial, was convicted and sentenced to fifteen years in the Department of Corrections, consecutive to an eight-year sentence for a control-release violation. Wright alleges that his trial counsel told him that he was facing a maximum fifteen-year sentence and that he understood that he would receive a concurrent sentence for the violation, when in actuality, he was charged with two first-degree felonies, one punishable by life and the other punishable by a thirty-year sentence. Additionally, the State had filed a notice that it was seeking habitualization and a sentence as a prison releasee reoffender that could have resulted in a life sentence.
The trial court denied Wright's claim, finding that because he only received a fifteen-year sentence, he was not prejudiced by the advice that he faced a maximum sentence of fifteen years. This does not address the fact that Wright was allegedly misadvised as to the maximum penalty he was facing and that his risk was allegedly incorrectly minimized. Wright also alleged that if he had been accurately advised of the maximum consequence, he would have accepted the plea offer.
In Young v. State, 608 So.2d 111 (Fla. 5th DCA 1992), cited with approval in Cottle v. State, 733 So.2d 963, 969 (Fla.1999), this court held that the failure to communicate or correctly communicate the facts and merits of a plea offer may entitle a defendant to postconviction relief. We held that a defendant must allege that counsel failed to communicate or correctly communicate a plea offer; that defendant would have accepted the plea offer if correctly advised; and, that acceptance of the plea offer would have resulted in a lesser sentence. The Florida Supreme Court adopted the same standard in Cottle. Furthermore, the Court agreed that inherent prejudice results from a defendant's inability, due to counsel's neglect, to make an informed decision whether to accept a plea offer. Applying that standard, this court held in Lewis v. State, 751 So.2d 715 (Fla. 5th DCA 2000), that counsel's failure to inform the defendant of the possibility of an enhanced, habitual offender sentence, when advising defendant about a plea offer, constitutes ineffective assistance.
We affirm the trial court's denial of all grounds raised by Wright, but reverse on the aforementioned ground four in Wright's motion and remand to allow the trial court to either attach portions of the record refuting the claim or hold an evidentiary hearing.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
SHARP, W., and PALMER, JJ., concur.