903 So.2d 344 (2005)
Forrest P. REED, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-4901.
District Court of Appeal of Florida, First District.
June 13, 2005.
Appellant, pro se.
Charlie Crist, Attorney General; Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the trial court's order summarily denying his motion alleging ineffective assistance of counsel filed pursuant to Florida Rule of Criminal Procedure 3.850. Because appellant has stated a facially sufficient claim that his counsel was ineffective in affirmatively misadvising him as to the maximum sentence he would face if he went to trial, we reverse. We affirm all of the other issues raised without further discussion.
Following a jury trial, appellant was convicted of three counts of sale of cocaine, one count of possession of cocaine with intent to sell, and one count of possession of marijuana with intent to sell, and was sentenced to sixty-five years in prison. In his rule 3.850 motion, appellant alleges that his counsel was ineffective for misinforming him that the charges of possession of cocaine with intent to sell and possession of marijuana with intent to sell would be dropped. He alleges that, due to such misadvice, he rejected the state's plea offer of five years in prison because he thought he faced only three charges, rather than five. He asserts, further, that if counsel had told him before trial that the charges would not be dropped, he would have accepted the state's plea offer. The claim is facially sufficient. See generally Steel v. State, 684 So.2d 290 (Fla. 4th DCA 1996) ("[a] claim that misinformation supplied by counsel induced a defendant to reject a favorable plea offer can constitute actionable ineffective assistance of counsel").
The trial court denied appellant's claim based on a credibility determination, without an evidentiary hearing. Florida Rule *345 of Appellate Procedure 9.141(b)(2)(D) requires reversal and remand for an evidentiary hearing unless the allegations are conclusively refuted by the record. Because there was no evidentiary hearing to determine the truthfulness of appellant's allegations, both the trial court and this court must accept those allegations as true. Instead, the trial court made a credibility determination. Accordingly, we reverse the summary denial of appellant's claim for ineffective assistance of counsel based on affirmative misadvice. On remand, the trial court may again summarily deny this claim provided that it attaches to its order portions of the record conclusively refuting it; otherwise, it shall hold an evidentiary hearing. In all other respects, the trial court's order is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
WEBSTER and DAVIS, JJ., concur; THOMAS, J., dissents with written opinion.
THOMAS, J., dissents.
I respectfully dissent. I believe this is one of those rare cases in which the trial court and this court can determine that Appellant's ineffective assistance claim is "inherently incredible." Thus, summary denial of the claim is permissible. See generally, McLin v. State, 827 So.2d 948 (Fla.2002). Appellant was age 40 at first appearance in this case. He rejected a plea offer of five years in state prison, willingly risking exposure to 45 years in state prison. He thus concedes that he accepted the possibility of remaining in prison until reaching the age of 85. Appellant now essentially claims that he would have accepted the plea offer of five years if he had known that he was facing 65 years in state prison. This claim is inherently incredible on its face.
I acknowledge that a trial court generally may not make a credibility determination without conducting an evidentiary hearing. The court in McLin recognizes that there "may be cases where, from the face of the affidavit, it can be determined that the affidavit is `inherently incredible.'" Id. at 955. Although the court in McLin declined to affirm a summary denial on that basis, there must be some cases in which such a determination may be made. I respectfully submit this is such a case.