987 So.2d 233 (2008)
Frank JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-42.
District Court of Appeal of Florida, Fourth District.
July 30, 2008.
Frank Jackson, Okeechobee, pro se.
Bill McCollum, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
The appellant, Frank Jackson, moved for postconviction relief on six grounds. The trial court summarily denied them all, and Jackson appeals the denial of four of the grounds. We affirm as to all but one claim. We conclude that the record does not conclusively refute his claim that his counsel was ineffective in misadvising him regarding the maximum sentence he could receive, which caused him to reject a very favorable plea offer from the state. On this issue, we reverse.
"A claim that misinformation supplied by counsel induced a defendant to reject a favorable plea offer can constitute actionable ineffective assistance of counsel." Steel v. State, 684 So.2d 290, 291 (Fla. 4th DCA 1996). The supreme court has set forth a three-part test to apply when examining whether trial counsel was effective in instances where a plea agreement has been offered by the state. Cottle v. State, 733 So.2d 963, 967 (Fla.1999). A prima facie case of ineffective assistance of counsel based on the rejection of a plea offer is made if a defendant proves: "(1) counsel failed to communicate a plea offer or misinformed defendant concerning the penalty faced, (2) defendant would have accepted the plea offer but for the inadequate notice, and (3) acceptance of the State's plea offer would have resulted in a lesser sentence." Id. (emphasis added).
*234 Here, Jackson sets forth a facially sufficient claim of ineffective assistance. Jackson alleges that counsel misinformed him by advising him that the maximum sentence was fifteen years, instead of the thirty years he actually faced. He alleges that he would have accepted the state's plea offer of five years but for counsel's misadvice. Instead, after conviction, he was sentenced to thirty years. See also Ortiz v. State, 882 So.2d 1057 (Fla. 4th DCA 2004) (legally sufficient claim where defendant alleged that had he known he could be sentenced as a PRR, he would have accepted the more favorable plea offer); Wright v. State, 892 So.2d 1209 (Fla. 5th DCA 2005) (legally sufficient claim where defendant asserted that had counsel not misadvised him as to the maximum sentence, he would have accepted the state's plea offer); Reed v. State, 903 So.2d 344 (Fla. 1st DCA 2005) (same).
As Jackson's claim is not conclusively refuted by the record, we reverse and remand for the trial court to attach portions of the record refuting the claim or to hold an evidentiary hearing.
POLEN and TAYLOR, JJ., concur.