989 So.2d 751 (2008)
Travis REVELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-4786.
District Court of Appeal of Florida, Second District.
September 12, 2008.
David W. Collins of Law Offices of David W. Collins, Monticello, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Travis Revell challenges the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Revell alleged that his trial counsel was ineffective for failing to advise him of the possibility and consequences of being sentenced as a habitual felony offender (HFO). Because we conclude that Revell is entitled to relief on this basis, we reverse and remand for new trial.
Revell was charged with driving while license suspended or revoked (DWLSR), habitual offender, a third-degree felony. See § 322.34(5), Fla. Stat. (2003). Because Revell had two prior felony convictions, he was eligible for HFO sentencing pursuant to section 775.084, Florida Statutes (2003).
Revell was initially advised in court by a representative of the Early Resolution Program and by his attorney that the State would agree to a plea agreement that would require Revell to serve nine *752 months in the county jail in exchange for his entering a plea of guilty. In discussing his case with his attorney, Revell advised counsel that when he was stopped, he was driving his girlfriend to the hospital because she suffered from seizures, was out of her medicine, and felt a seizure coming on. Counsel advised Revell that he was subject to five years in prison as the maximum penalty for the third-degree felony and that he should accept the offer. Revell, however, insisted that he wanted to go to trial rather than accept the State's offer of nine months in jail.
The State then withdrew the offer and filed a notice of intent to seek HFO sentencing. Following trial, Revell was found guilty, and the trial court sentenced him to ten years as an HFO.
In his postconviction motion, Revell alleged that his attorney's representation was deficient because he failed to fully explain what was required for a necessity defense and that the facts of this case did not support such a defense. He further alleged that his attorney's failure to advise him of the possibility of a ten-year enhanced HFO sentence while the State's plea offer was open for his consideration was ineffective representation and that he would have accepted the plea had he known that his maximum exposure was ten years rather than the five years counsel represented to him.
After an evidentiary hearing, the postconviction court denied both of Revell's claims. Since we conclude that the postconviction court erred in denying Revell relief on the second claim, we need not address the claim regarding the explanation of the necessity defense. In denying both claims, the trial court found that Revell failed to prove either ineffective assistance or prejudice as explained in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We disagree with this conclusion.
That Revell's attorney did not advise him of his exposure to the enhanced HFO sentence prior to the State's filing of its notice to seek HFO sentencing is not contradicted by any evidence in the record. Trial counsel acknowledged that he was not aware of the possibility of HFO sentencing until after the State filed its notice. The record is also clear that the notice was filed almost two weeks after the State withdrew its plea offer. Accordingly, Revell made his decision to reject the nine-month offer without benefit of knowing his potential HFO exposure. Counsel's failure to accurately advise his client of the maximum sentence he faced when considering the offer of a plea negotiation amounts to ineffective assistance. See Kleppinger v. State, 884 So.2d 146, 148 (Fla. 2d DCA 2004) (concluded that allegation that counsel "fail[ed] to advise [defendant] of possible sentences he faced if he proceeded to trial" and that "he would have accepted the State's plea offer if he had been properly advised ... state[d] a prima facie claim of ineffective assistance of counsel"); Lewis v. State, 751 So.2d 715, 718 (Fla. 5th DCA 2000) (concluding that defendant was "entitled to relief because his trial counsel conceded that when the State's offer of one year was made, he failed to inform Lewis of a potential sentence of [thirty] years incarceration and consistently informed him, instead, that his maximum exposure of incarceration was two to three years"); Young v. State, 608 So.2d 111, 112 (Fla. 5th DCA 1992) ("Courts appear uniformly to hold that the failure of trial counsel to communicate or to communicate correctly the facts and merits of a plea bargain offered by the state may warrant relief to a criminal defendant.").[1] Accordingly, the *753 postconviction court's finding that Revell failed to show ineffective assistance is error.
We note that the facts of this case are substantially similar to those in Lewis, 751 So.2d 715. In that case, Lewis alleged that his attorney failed to advise him of the possibility of an HFO sentence. Trial counsel acknowledged at the evidentiary hearing that he did not advise Lewis that he potentially faced an HFO sentence because, based on his previous experience with the State, such was not likely. Counsel further testified, "Basically what [Lewis] was saying to me from the beginning is he didn't care what anyone threatened him with because he was innocent, he wasn't going to plead guilty to anything, he didn't do it." Id. at 716 (alteration in original). Additionally, the Fifth District acknowledged that the postconviction court had doubts regarding Lewis' credibility. Nevertheless, the court concluded, "Lewis, in order to make an informed decision, needed to be aware of the possible penalties." Id. at 718. The Fifth District therefore reversed the postconviction court's denial of relief and remanded for a new trial, encouraging a "good faith resumption of plea negotiations." Id. We agree with the reasoning of Lewis and reverse the postconviction court's denial of Revell's rule 3.850 motion.
Reversed and remanded for new trial.
DAVIS and SILBERMAN, JJ., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] The Florida Supreme Court has stated that an ineffective assistance of counsel claim based on an allegation that counsel failed to properly advise the defendant about a plea offer may arise from counsel's failure to communicate a plea offer or counsel's misinforming the defendant concerning the penalty faced. See Cottle v. State, 733 So.2d 963, 967 (Fla. 1999).