WARNER, J.
The issue we address in this case is whether a defendant who was convicted after trial has a remedy in postconviction relief where his counsel misadvised him of his potential sentence, leading him to reject a more favorable pretrial plea offer from the state. We hold that the defendant is not entitled to a new trial but to a sentence no harsher than the expected maximum sentence he would have received by proceeding to trial based upon his attorney’s advice.
The state charged appellant Lester with robbery by sudden snatching and offered a 41.7-month sentence in return for a guilty plea. Lester rejected the offer. Immediately prior to the commencement of trial, the state amended the information to charge Lester with robbery by force. Lester proceeded to trial and was found guilty. Prior to sentencing, the state filed a notice of its intent to seek habitual violent felony offender (HVFO) status. The court found that Lester qualified for HVFO status and sentenced him to a mandatory minimum term of thirty years in prison.
After his conviction, sentence, and appeal, Lester moved for postconviction relief, claiming that his trial counsel had misadvised him of his potential sentence. Lester claimed that counsel did not inform him of the possibility of habitualization and a thirty-year mandatory sentence. Had he known of that possibility, he would have accepted the 41.7-month plea offer by the .state. The trial court granted an eviden-tiary hearing on the claim.
At the hearing, Lester testified that counsel had advised him of the potential fifteen-year sentence but had not advised him of a possible habitual sentence of thirty years. He would have accepted the state’s plea offer had he known of his exposure to a thirty-year sentence.
Lester’s trial counsel testified to his conversations with Lester about the plea. When the state originally extended the plea offer of 41.7 months, trial counsel informed Lester that the charged crime was a third-degree felony and carried a maximum five-year penalty. Although counsel advised Lester to take the plea, Lester refused, wishing to go to trial. On the eve of trial the state increased the charge to robbery by force for which the maximum penalty would be fifteen years as a prison releasee reoffender (PRR). Counsel discussed this with Lester, and recommended acceptance, but Lester still desired to go to trial. Prior to trial, the state had not filed a notice of intent to seek habitualization as a violent felony offender, so counsel did not discuss any ha-bitualization vrith Lester. Trial counsel admitted that in hindsight he should have advised Lester of the potential of an HVFO sentence, but the state had increased the charge only on the eve of trial and had not filed a notice to seek habituali- *730 zation. Counsel opined, however, that based on his dealing with Lester, Lester’s position with respect to the plea would have been different if Lester had known about the HVFO exposure. Lester’s counsel at sentencing also testified and agreed that Lester had not known about the exposure of thirty to forty years for the HVFO designation.
Following the evidentiary hearing, the trial court denied the motion. It found that “there is no evidence in the record that [Lester’s trial attorney] failed to accurately advise his client of the State’s plea offer nor is there any evidence to indicate that any of the information provided to the defendant was misleading or inaccurate.” From the trial court’s order, Lester appeals.
“The primary guide for ineffective assistance claims is the United States Supreme Court’s hallmark opinion in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).” Cottle v. State, 733 So.2d 963, 965 (Fla.1999). “First, the defendant must show that counsel’s representation fell below an objective standard of reasonableness based on prevailing professional norms. Next, [t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Beasley v. State, 964 So.2d 213, 216 (Fla. 2d DCA 2007) (internal quotations and citation omitted). This court reviews the postcon-viction court’s factual findings for competent, substantial evidence and its legal conclusions de novo. Id.
The supreme court addressed the requirements to allege ineffective assistance of counsel where counsel advises a defendant to reject a favorable plea offer in Morgan v. State, 991 So.2d 835 (Fla.2008). The court said:
[We] reaffirm the requirements that a defendant must allege and prove in order to be entitled to relief based on ineffective assistance of counsel for advising a defendant to reject a plea offer. The defendant must allege and prove that (1) counsel failed to convey a plea offer or misinformed the defendant concerning the possible sentence he faced, (2) the defendant would have accepted the plea but for counsel’s failures, and (3) acceptance of the plea would have resulted in a lesser sentence than was ultimately imposed.
Id. at 839-40 (emphasis added). Although in this case counsel actually recommended acceptance of the plea, we think that the Morgan factors apply, because the defendant testified that he would have accepted the plea had counsel advised him of a potential thirty to forty-year sentence as a HVFO. See also Jackson v. State, 987 So.2d 233 (Fla. 4th DCA 2008).
This case is most closely analogous to Lewis v. State, 751 So.2d 715 (Fla. 5th DCA 2000). In Lewis, the state charged the defendant with sale of cocaine. His attorney conveyed the state’s offer of one year in prison. Although the attorney knew that Lewis could be habitualized, he did not think the state was requesting that and did not discuss with Lewis the potential of a thirty-year sentence. Counsel advised Lewis that if he were convicted he would most likely be facing a two to three-year sentence. Believing his innocence, Lewis rejected the plea and proceeded to trial where he was found guilty. After trial, the state moved to habitualize Lewis. Based upon the state’s notice, the court found him to be a habitual offender and sentenced him to fifteen year's in prison.
After an evidentiary hearing on his post-conviction relief motion in which he alleged that he would have taken the plea had his attorney properly advised him of the po *731 tential sentence as a habitual offender, the trial court denied relief. The Fifth District reversed because of counsel’s failure to advise Lewis regarding the habitualization penalty. The court said:
We conclude that Lewis is entitled to relief because his trial counsel conceded that when the state’s offer of one year was made, he failed to inform Lewis of a potential sentence of 30 years incarceration and consistently informed him, instead, that his maximum exposure of incarceration was two to three years. Even though the possibility of a much longer sentence seemed remote, the possibility became the reality. Lewis, in order to make an informed decision, needed to be aware of the possible penalties.
Id. at 718. The court reversed for a new trial but encouraged the “good faith resumption of plea negotiations.” Id.
Similarly, in Revell v. State, 989 So.2d 751 (Fla. 2d DCA 2008), the court reversed Revell’s conviction based upon his postcon-viction claim of ineffective assistance of counsel “for failing to advise him of the possibility and consequences of being sentenced as a habitual felony offender.” Id. at 751. At the evidentiary hearing, his counsel admitted that he was not aware of that possibility and therefore failed to inform the defendant of it. The Second District found that counsel’s failure to advise the defendant of the potential habitual offender sentencing constituted ineffective assistance of counsel. The court reversed and remanded for a new trial, with the suggestion in Letvis that good faith plea negotiations be resumed.
In this case counsel admitted that he had not informed Lester of the potential of habitualization and the potential sentence of thirty to forty years. Based upon Leivis and Revell, Lester has shown that counsel was ineffective and that he would have taken the plea had counsel informed him of the consequences.
We diverge from Lewis and Re-vell regarding the proper remedy in this case. The proper remedy in such cases where a defendant rejects a plea offer and proceeds to trial has been debated in the courts.[1] Where the defendant rejects a *732 plea offer, which is not a constitutionally protected right, in favor of a fair trial, in which the state has been put to its burden of proof, a balancing of interests is required for any postconviction relief based upon that plea rejection. In United States v. Morrison, 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981), the Court said:
At the same time and without detracting from the fundamental importance of the right to counsel in criminal cases, we have implicitly recognized the necessity for preserving society’s interest in the administration of criminal justice. Cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored, to the injury suffered from the constitutional violation and, should not unnecessarily infringe on competing interests.
(emphasis added). Taking to heart that admonition by the Supreme Court, we think that more narrowly tailored relief is warranted by the specific constitutional violation. Here, after the state increased the charges prior to trial, Lester still rejected his counsel’s recommendation to accept the plea after having been advised of the potential PRR sentence of fifteen years. He proceeded to trial with the expectation that should he be convicted of the new charge, he would receive a fifteen-year sentence. Only after his conviction did the state file a notice of intent to seek HVFO sentencing.
The specific injury to Lester was the failure to inform him of the HVFO sentencing potential. Based upon the eviden-tiary hearing, Lester was fully aware of the potential for PRR sentencing if he were convicted at trial. The state, on the other hand, incurred the time and expense of a full trial and should not be compelled to retry the defendant if some other remedy would uphold both the defendant’s constitutional rights and the state’s right to finality with an appropriate sentence for the conviction obtained.
Under these circumstances, we think the more narrowly tailored remedy would permit the state to elect whether to retry Lester or to withdraw its notice of intent to seek HVFO sentencing. If it would withdraw that notice, the court could sentence Lester as a PRR to fifteen years. Lester would receive a sentence no greater than he anticipated when rejecting the plea offer of the state, and the state would not be required to retry him.
Based on the foregoing, we reverse the trial court’s denial of appellant’s motion for postconviction relief. We remand for a new trial unless, within the time prescribed by Florida Rule of Criminal Procedure 3.191(m), the state withdraws its notice of intent to seek HVFO sentencing, in which case the court shall sentence Lester as a PRR and no new trial shall be required.
HAZOURI, J., concurs.
GROSS, C.J., concurs specially.

. A short synopsis of some positions various courts have taken is found in Riggs v. Fairman, 178 F.Supp.2d 1141, 1151-52 (C.D.Cal.2001):
When ineffective assistance of counsel has deprived a defendant of a favorable plea bargain, courts have not been consistent in the remedies afforded. Some courts vacate the conviction and return the parties to the plea bargaining stage, where the parties may negotiate, or decline to negotiate, as they see fit. See, e.g., United States v. Gordon, 156 F.3d 376, 381-82 (2nd Cir.1998) (upholding district court's discretion to order retrial); People v. Curry, 178 Ill.2d 509, 227 Ill.Dec. 395, 687 N.E.2d 877, 890-91 (1997) (new trial accompanied by resumption of plea bargaining process); In re Alvernaz, 2 Cal. 4th 924, 942-44, 8 Cal. Rptr.2d 713, 724-26, 830 P.2d 747, 758-59 (1992) ("Most courts, in determining the remedy that should be afforded a defendant who establishes that he or she has been denied effective assistance of counsel with regard to an offered plea bargain, have vacated the judgment of conviction and remanded the case for a new trial”). Other courts force the prosecution to reinstate die lost plea offer. See, e.g., Alvernaz v. Ratelle, 831 F.Supp. 790, 797-99 (S.D.Cal.1993); Williams v. State, 326 Md. 367, 382-83, 605 A.2d 103, 110-11 (1992). Still other courts return the parties to the plea bargaining stage, but impose a rebuttable presumption of vindictiveness upon any prosecutorial refusal to reinstate the lost plea offer. See, e.g., Turner v. Tennessee, 940 F.2d 1000, 1001-02 (6th Cir.1991), cert. denied, 502 U.S. 1050, 112 S.Ct. 915, 116 L.Ed.2d 815 (1992).
Depending upon the circumstances, each of these remedies can be inadequate or unfair. Vacation of the conviction sometimes is unfair to the state. Such a remedy reverses the result of an entirely fair trial, sometimes in situations where the passage *732 of time would make retrial difficult or impossible. See State v. Donald, 198 Ariz. 406, 10 P.3d 1193, 1205 n. 7 (Ariz.App.2000), cert. denied, 534 U.S. 825, 122 S.Ct. 63, 151 L.Ed.2d 30 (2001). Mere vacation of the conviction also sometimes is unfair to the petitioner. The remedy does not restore the lost plea opportunity of which the petitioner was deprived, although it may, as a practical matter, induce the prosecution to bargain anew.
(Footnote omitted).