PALMER, J.
Matthew M. Simmons (defendant) appeals the trial court’s summary denial of his motion for post-conviction relief filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. Determining that the defendant was entitled to receive an evidentiary hearing as to ground one of his motion, we reverse in part.
In ground one of his motion, the defendant stated that his trial counsel was ineffective for failing to inform him, prior to the entry of his plea, that the trial court could sentence him as a prison releasee reoffender (PRR). The defendant asserted further that he would not have entered his plea if he had known that he faced PRR sentencing.
The trial court denied the claim for relief because, at the sentencing hearing, the defendant informed the trial court that he was aware that if he were sentenced as a PRR he would have to serve day for day. Specifically, the defendant stated the following:
I’ve been sitting here for a month having time to think about it, and I would like to get one more shot. Fifteen years is a long time. I’ve got to do that day for day under PRR. I can’t get out for 15 solid years, maybe-maybe I could change in that time, maybe something will come my way....
However, the issue presented in this case is whether defense counsel advised the defendant prior to the plea that he was eligible for PRR sentencing and would be required to serve his sentence day for day. Even if the defendant was aware of PRR sentencing issues at the time of sentencing, that fact does not conclusively refute the claim that he was unaware of his PRR eligibility and its consequences prior to entering his plea. The written plea forms indicate that the defendant was informed of the maximum and minimum penalties for the charges against him, including enhanced sentencing laws for which the State had given defense counsel notice. However, the transcript of the plea hearing is silent regarding PRR sanctions, and the written plea forms do not specifically mention PRR sanctions.
In Ortiz v. State, 882 So.2d 1057 (Fla. 4th DCA 2004), the defendant sought rule *136 3.850 relief, claiming that his defense counsel failed to advise him that he could be sentenced as a PRR upon conviction and, therefore, he refused to accept a more favorable plea offer. Although the trial court summarily denied the defendant’s rule 3.850 motion, the Fourth District reversed, concluding that the defendant’s claim was legally sufficient and required a hearing. We agree with this ruling. See also Barnhill v. State, 828 So.2d 405 (Fla. 5th DCA 2002)(holding that defendant was entitled to receive an evidentiary hearing where he alleged that counsel did not inform him that PRR sentencing required him to serve his entire sentence without the benefit of receiving gain time).
Accordingly, the trial court’s order summarily denying the defendant’s claim for post-conviction relief is reversed as to ground one, and the case is remanded for an evidentiary hearing thereon. We affirm the trial court’s summary denial of the other grounds of defendant’s motion.
AFFIRMED in part, REVERSED in part, and REMANDED.
ORFINGER and EVANDER, JJ„ concur.