WELLS, Judge.
Eric Duque appeals from the denial of his Florida Rule of Criminal Procedure 3.850 motion in which he raised six claims of ineffective assistance of counsel. We agree with the court below that the first three claims raised therein regarding defense counsel’s failure to secure a psychiatric evaluation prior to Duque’s acceptance of a plea are without merit. We also agree that his fifth claim regarding whether he was adequately advised of all of the consequences of a habitual offender sentence was properly denied on the merits. However, we reverse the trial court’s summary denial of his fourth and sixth claims, which we, like Duque, treat as a single claim[1] regarding counsel’s failure to advise him of the maximum sentence which he faced pri- or to rejecting an initial plea offer. See Revell v. State, 989 So.2d 751, 752 (Fla. 2d DCA 2008) (finding that trial counsel’s failure to advise the defendant of the possibility and consequences of being sentenced as a habitual felony offender while the State’s plea offer was still open constituted ineffective assistance of counsel).
On appeal from a summary denial, this court must reverse unless the post-conviction record, see Fla. R. App. P. 9.141(b)(2)(A), shows conclusively that the appellant is entitled to no relief. See Fla. R. App. P. 9.141(b)(2)(D). Because the record now before us fails to make the required showing, we reverse the order and remand for either an evidentiary hearing or other appropriate relief. If the trial court again enters an order summarily denying the post-conviction motion, the court *589 shall attach record excerpts conclusively showing that the appellant is not entitled to any relief.
Reversed and remanded for further proceedings.

. Duque treats these claims as a single claim in his initial brief filed herein acknowledging that, while inartful, these claims taken together raise an issue regarding counsel’s failure to advise the defendant of the statutory maximum sentence that he was facing.