PER CURIAM.
We affirm the trial court’s denial of appellant’s postconviction motion. The trial court disposed of four of the five claims without an evidentiary hearing and held an evidentiary hearing on one claim. On appeal, appellant argues error as to two of the claims. The unargued claims are abandoned. Hammond v. State, 34 So.3d 58 (Fla. 4th DCA 2010). We affirm the trial court’s dismissal of claim three without further discussion.
In claim five of his motion, appellant argued that his trial attorney failed- to convey before trial a twelve-year plea offer and failed to advise him at the time of the offer that he qualified as a habitual felony offender (HFO) and faced a potential life sentence. He alleged that he would have accepted the twelve-year offer if he had known.
Appellant stated two distinct claims of ineffective assistance of counsel: (1) that he was not advised of the plea offer; and (2) that he was not advised of the maximum sentence he faced at the time of the plea offer. Morgan v. State, 991 So.2d 835, 839-40 (Fla.2008) (holding that to establish a claim of this type the movant must allege and prove that “(1) counsel failed to convey a plea offer or misinformed the defendant concerning the pos *877 sible sentence he faced, (2) the defendant would have accepted the plea but for counsel’s failures, and (3) acceptance of the plea would have resulted in a lesser sentence than was ultimately imposed”). See also Cottle v. State, 733 So.2d 963, 969 (Fla.1999) (recognizing the sufficiency of an ineffective assistance of counsel claim based on counsel’s failure to convey a plea offer).
In Count I, appellant was charged with sale of cocaine within 1000 feet of a church, a first degree felony with a thirty-year statutory maximum. § 893.13(l)(e)l., Fla. Stat. (2003). At trial, the State was unable to prove that the sale occurred within the correct distance, dismissed that charge, and proceeded on the lesser offense of simple sale of cocaine. The jury convicted appellant of the second-degree felony sale of cocaine, and the trial court sentenced him as an HFO to thirty years in prison. Appellant received a concurrent term of five years in prison on Count II, possession of cocaine.
The trial court found that counsel conveyed the twelve-year plea offer to appellant before trial but appellant was not satisfied with the offer and told counsel to demand a speedy trial. This factual finding is supported by competent substantial evidence, including notes that counsel made on the case file and emails with the prosecutor which the State introduced into evidence. Although appellant was under the misimpression that he did not qualify as an HFO when he rejected the plea offer, he ultimately received a sentence no greater than that which he knew could be imposed. We affirm.

Standard of Review

After a postconviction evidentiary hearing, a trial court’s factual findings are subject to a deferential standard of review and should be affirmed if supported by competent substantial evidence while the postconviction court’s legal conclusions are reviewed de novo. Derrick v. State, 983 So.2d 443, 450 (Fla.2008); Sochor v. State, 883 So.2d 766, 771-72 (Fla.2004).

Failure to Convey the Plea Offer

Appellant testified that he asked counsel to get him a plea offer before trial but never received any offers. Although he discussed the possibility of habitual offender sentencing with counsel, he believed going into trial that he did not qualify. He testified that he would have accepted the twelve-year plea offer.
Counsel did not have a specific recollection of conveying the offer but was certain based on her general practice and the circumstances, including the timing of events, the notes on the case file, and emails with the prosecutor, that she conveyed the offer.
Counsel testified that, at a June 7, 2005 meeting at the jail, appellant indicated that he wanted a good plea offer or a speedy trial. An email chain introduced into evidence by the State — and corroborated by testimony from the prosecutor and defense counsel — showed that on June 14, 2005, counsel asked the prosecutor for a plea offer soon after that meeting. On June 23, 2005, the prosecutor offered twenty years in prison because appellant had prior convictions for aggravated assault and robbery, because he had served ten years in prison on his prior sale of cocaine conviction, and because appellant qualified as a habitual felony offender (HFO).
On June 24, 2005, counsel wrote back pointing out that appellant did not qualify as an HFO because he was released from prison to a supervision program more than five years before the instant offense. § 775.084(l)(a), Fla. Stat. (2003). This legal determination later proved to be wrong, but in the email, the prosecutor *878 agreed that appellant did not commit his offense within the five-year time frame and offered a twelve-year non-HFO sentence.
The next note on the case file reflects that on July 2, 2005, counsel spoke with appellant on the phone, and he demanded a speedy trial. The State’s written twelve-year plea offer was set to expire on July 6, 2005. Counsel did not have a specific recollection but was positive that she conveyed the offer in the July 2, 2005 phone meeting because she would not have demanded a speedy trial and was reluctant to try this case where the State had a videotape of appellant selling the crack cocaine to the undercover officer.
On July 26, 2005, counsel complied with appellant’s request and demanded a speedy trial. Counsel testified that, on July 28, 2005, she again met with appellant at the jail and made a note on the file to “talk to state again.” She also testified that she always works on getting a better plea offer up until trial and was sure that she conveyed the offer before demanding a speedy trial which was appellant’s desire in this case, not hers.
Some appellate decisions suggest that counsel’s testimony about a standard practice, where counsel lacks a specific recollection of the event, cannot be competent substantial evidence to support a trial court’s factual finding and to refute a post-conviction movant’s testimony to the contrary. Polite v. State, 990 So.2d 1242, 1244 (Fla. 3d DCA 2008); Labady v. State, 783 So.2d 275, 276 (Fla. 3d DCA 2001). This court has disagreed that an absolute rule applies whenever an attorney cannot specifically recall a matter relevant to a postconviction claim. Gusow v. State, 6 So.3d 699, 702 n. 4 (Fla. 4th DCA 2009) (disagreeing with this aspect of Polite and explaining that: “We believe that under these circumstances the trial court is entitled to disbelieve the defendant’s testimony”).
A court hearing a postconviction motion is not required to accept a movant’s self-serving testimony about a matter simply because trial counsel cannot specifically recall the transaction and testifies about a standard practice. The court should consider the totality of the circumstances and the credibility of the witnesses in making its determination.
The judge in this case did not believe appellant and found that counsel conveyed the plea offer. Counsel’s testimony is corroborated by the circumstantial evidence — including the timing of events, the notes on the case file, and the emails. See Lonergan v. Estate of Budahazi, 669 So.2d 1062, 1064 (Fla. 5th DCA 1996) (holding that circumstantial evidence can meet the competent substantial evidence standard and that direct evidence is not required). The trial court’s factual finding that the offer was conveyed and rejected is supported by competent substantial evidence. We defer to the trial court’s superior vantage point in determining the credibility of the witnesses and in weighing the evidence.

Failure to Advise of the Correct Statutory Maximum at the Time of the Plea Offer

The testimony at the evidentiary hearing was undisputed that neither defense counsel, nor the prosecutor, was aware before trial that appellant qualified as an HFO. They were aware of the possibility, as was appellant, but had erroneously concluded before trial that he did not qualify. See § 775.084(l)(a)2.b., Fla. Stat. (2003) (providing that the HFO designation applies where the offense to be sentenced was committed within five years of release from a post-prison supervision program).
*879 Appellant was not advised before trial that as an HFO he could be sentenced to life in prison for the first-degree felony charged in Count I. § 775.084(4)(a)l., Fla. Stat. (2003). The state filed a notice of intent to seek enhanced sentencing after trial. Counsel then researched the issue and learned that appellant qualified for the enhanced penalty. Nevertheless, because he initially faced a first-degree felony charge, appellant was aware, when he rejected the twelve-year plea offer, that he could receive up to thirty years in prison.
In the Reply Brief, defense counsel concedes that this court’s decision in Lester v. State, 15 So.3d 728 (Fla. 4th DCA 2009), supports affirmance. Pursuant to Lester, the correct remedy in this situation is not to grant a new trial or remand for renewed plea negotiations, as other courts have held, but to impose a sentence no greater than “the expected maximum sentence [appellant] would have received by proceeding to trial based upon [the] attorney’s advice.” Id. at 729. Here, appellant rejected the twelve-year plea offer and proceeded to trial knowing he could be sentenced to thirty years in prison which is the sentence he ultimately received. We must affirm because appellant cannot show prejudice under Lester.
We certify that this decision, and the decision in Lester, expressly conflict with Lewis v. State, 751 So.2d 715 (Fla. 5th DCA 2000), and Revell v. State, 989 So.2d 751 (Fla. 2d DCA 2008), as to the proper remedy that applies when an attorney fails to correctly advise a defendant at the time of a plea offer regarding the statutory maximum sentence. See also Pennington v. State, 34 So.3d 151, 154-55 (Fla. 1st DCA 2010) (remanding for the trial court to determine, under a correct legal framework, whether a reasonable probability existed that defendant would have accepted the plea if he had known of the correct maximum penalty he faced).

Affirmed. Express conflict certified.

GROSS, C.J., STEVENSON and CONNER, JJ., concur.