IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JEFFREY MICHAEL PARENTI,

        Appellant,

 v.                               Case No.  5D16-2203

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed August 18, 2017

3.850 Appeal from the Circuit Court
for Volusia County,
Frank Marriott, Judge.

James S. Purdy, Public Defender, and
Kathryn Rollison Radtke, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Roark Wall,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Jeffrey Michael Parenti ("Appellant") appeals the trial court's denial of his Florida

Rule of Criminal Procedure 3.850 motion for postconviction relief alleging ineffective

assistance of counsel. Although Appellant raised five grounds for relief in his motion, he

challenges only the trial court's denial of ground one, in which he alleged that defense

counsel provided ineffective assistance by not informing him that he qualified for sentencing as a habitual felony offender ("HFO").[1] Finding that the trial court erred by denying relief on this ground, we reverse and remand for further proceedings consistent with this opinion.

In 2011, the State charged Appellant with DUI manslaughter (count I), driving while license suspended or revoked causing death (count II), and vehicular homicide (count III). After Appellant's first trial resulted in a mistrial, the State extended him a plea offer of seven years' incarceration followed by eight years' probation. The State and defense counsel informed Appellant that he faced a maximum of fifteen years' incarceration if convicted at trial. Appellant rejected the plea offer, and the case proceeded to a second trial, at which the jury convicted him on all counts.[2]

After trial, the State filed a notice of intent to seek HFO sentencing. Defense counsel objected, reasoning that the State previously informed Appellant that it sought a maximum sentence of fifteen years' incarceration. The trial court overruled defense counsel's objection on the ground that the State properly filed its notice approximately thirty days before sentencing. The trial court sentenced Appellant as an HFO to concurrent terms of thirty years' incarceration, with four years minimum (count I), and ten years' incarceration (count II). Appellant then filed a motion for postconviction relief arguing, *inter alia*, that defense counsel provided ineffective assistance by not informing him that he potentially faced sentencing as an HFO. Appellant alleged that, had defense

---

[1] See § 775.084(1)(a), Fla. Stat. (2011).

[2] The trial court then vacated Appellant's conviction for vehicular homicide on double jeopardy grounds.

counsel informed him that he faced a maximum sentence of thirty years' incarceration, he "would have unhesitantly accepted the State's plea offer."

At the evidentiary hearing, defense counsel testified that he did not know that Appellant—who had twelve prior felony convictions—qualified as an HFO. Defense counsel elaborated that he was "very surprised" when the State filed its notice of intent to sentence Appellant as an HFO. Defense counsel believed that, "had [Appellant] known about the 30 years habitual felony offender being sentence day for day . . . to up to 30 years it could have influenced his decision." Appellant similarly testified that defense counsel never informed him of his potential HFO status. Appellant believed that, based on his plea negotiations with the State, he faced a maximum of fifteen years' incarceration. After the hearing, the trial court entered an order denying Appellant's motion for postconviction relief on all grounds. On ground one, the trial court determined that, because the State did not file its notice of intent to seek sentencing as an HFO until after trial, defense counsel did not provide ineffective assistance by failing to inform Appellant of that possibility during plea negotiations.

When considering a trial court's ruling on a rule 3.850 motion after an evidentiary hearing, we defer to the trial court's factual findings—provided that they are supported by competent, substantial evidence—but we review de novo the trial court's "application of the law to those facts." Jennings v. State, 123 So. 3d 1101, 1113 (Fla. 2013) (quoting Mungin v. State, 932 So. 2d 986, 998 (Fla. 2006)). The Florida Supreme Court has explained that, in accordance with Strickland v. Washington, 466 U.S. 668 (1984), a defendant must establish two elements to raise a successful claim of ineffective assistance of counsel:

3

> First, the claimant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards. Second, the clear, substantial deficiency shown must further be demonstrated to have so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined. A court considering a claim of ineffectiveness of counsel need not make a specific ruling on the performance component of the test when it is clear that the prejudice component is not satisfied.

Schoenwetter v. State, 46 So. 3d 535, 546 (Fla. 2010) (quoting Maxwell v. Wainwright, 490 So. 2d 927, 932 (Fla. 1986)). To obtain relief on the ground that defense counsel misadvised the defendant not to accept a plea, the defendant must establish that:

> (1) he or she would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Alcorn v. State, 121 So. 3d 419, 422 (Fla. 2013). When determining whether defense counsel's misadvice concerning a plea prejudiced the defendant, the trial court must consider the circumstances "at the time of the offer and what would have been done with proper and adequate advice." Id. at 432 (emphasis omitted).

The Fourth District Court addressed nearly identical circumstances in Lester v. State, 15 So. 3d 728 (Fla. 4th DCA 2009). In Lester, the State charged the defendant with robbery by force. Id. at 729. The defendant rejected a plea offer of 41.7 months' incarceration based on defense counsel's advice that he faced a maximum sentence of fifteen years' incarceration. Id. The case proceeded to trial, and a jury convicted Appellant as charged. Id. Thereafter, the State filed a notice of intent to seek habitual violent felony offender ("HVFO") sentencing. Id. The trial court determined that the defendant qualified

4

as an HVFO, sentencing him to thirty years' incarceration. Id. The defendant moved for postconviction relief, reasoning that defense counsel provided ineffective assistance by not informing him that he potentially qualified as an HVFO. Id. At the evidentiary hearing, defense counsel testified that he never discussed habitualization with the defendant. Id. Defense counsel believed that the defendant may have instead accepted the plea had he known of the potential sentence as an HVFO. Id. The trial court denied the defendant's motion, reasoning that defense counsel did not misadvise him with regard to the plea offer. Id. at 730. The Fourth District Court reversed, holding that the defendant demonstrated "that counsel was ineffective and that he would have taken the plea had counsel informed him of the consequences." Id. at 731.

We find that the trial court erred by denying ground one of Appellant's motion for postconviction relief. Similar to Lester, defense counsel conceded that he did not know that his client potentially qualified as a habitual offender. Cf. id. at 729. In addition, defense counsel testified that Appellant may have accepted the plea if he understood his maximum potential sentence. See id. Appellant averred in his rule 3.850 motion that: (1) he would have accepted the plea if he knew of his potential HFO status; (2) the State would not have withdrawn the plea; (3) the trial court would have accepted the plea; and (4) the trial court would have sentenced him to less than thirty years' incarceration. See Alcorn, 121 So. 3d at 422. We disagree with the trial court's conclusion that, because the State did not file its notice of intent to seek an HFO sentence until after trial, defense counsel did not provide ineffective assistance. Defense counsel should have informed Appellant that his twelve prior felony convictions potentially qualified him for the HFO designation, regardless of whether the State sought HFO sentencing before or after trial.

Based on the foregoing, we reverse the trial court's denial of ground one of Appellant's motion for postconviction relief. We note that, because the trial court found that defense counsel did not provide deficient performance, it never reached the question of whether defense counsel's performance prejudiced Appellant. Therefore, we remand this case to the trial court to determine whether Appellant has shown that "(1) he would have accepted the offer had counsel advised him of the correct statutory maximum sentence, (2) the prosecutor would not have withdrawn the offer, and (3) the court would have accepted the offer's terms." Alcorn, 121 So. 3d at 433 ("Because the issue of whether [defendant] can establish prejudice remains unresolved at this juncture, we do not reach the issue of the appropriate remedy in this case because it would be premature to do so.").

REVERSED and REMANDED for further proceedings.


PALMER, WALLIS and EDWARDS, JJ., concur.