731 So.2d 91 (1999)
Alfredo MORALES, Appellant,
v.
STATE of Florida, Appellee.
No. 99-0163.
District Court of Appeal of Florida, Fourth District.
April 7, 1999.
Rehearing Denied May 12, 1999.
Alfredo Morales, Jasper, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Alfredo Morales appeals the summary denial of his motion for post-conviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, in which he raised three grounds of ineffective assistance of counsel. We reverse and remand for an evidentiary hearing on two claims.
Morales alleges that defense counsel failed to adequately convey to him a favorable plea offer made immediately before trial. The record does not show that defense counsel communicated the offer to Morales as required by Florida Rule of Criminal Procedure 3.171(c), or that counsel directed the interpreter to assist Morales during the discussions concerning the plea offer. Morales claims that he has little understanding of the English language. The fact that he was in the courtroom during the colloquy between his counsel and the state attorney concerning the plea does not distinguish the instant case from Rosa v. State, 712 So.2d 414 (Fla. 4th DCA 1998). Therefore, an evidentiary hearing must be conducted on this claim of ineffective assistance of counsel.
An evidentiary hearing is also required to address Morales's allegation that his trial counsel failed to investigate witnesses associated with his claim of self-defense. Adams v. State, 696 So.2d 943 (Fla. 2d DCA 1997). Morales did not identify the witnesses by name. However, he claims that he gave his attorney sufficient information to locate the witnesses when *92 he told counsel that they were employees of the bar where the crime occurred.
The other issues raised are without merit and as to those we affirm the summary denial. As for the claims of ineffective assistance discussed above, we reverse and remand for an evidentiary hearing.
Affirmed in part, reversed in part, and remanded for further proceedings.
DELL, KLEIN and GROSS, JJ., concur.