893 So.2d 713 (2005)
Curtis L. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3257.
District Court of Appeal of Florida, Second District.
February 23, 2005.
FULMER, Judge.
Curtis Jones appeals the trial court's denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
On December 18, 2001, Jones pleaded guilty to several felony offenses and was placed on five years' probation. Jones later violated his probation and was sentenced to eight years in prison. In his motion for postconviction relief, Jones claims the sentence imposed at the violation of probation hearing exceeds the sentence previously agreed upon at the original plea hearing. Specifically, Jones alleges that during the original plea hearing the trial court, the State, and the defense had a discussion in which it was agreed that if Jones violated the terms of his probation, he would be sentenced to five years in prison if the violation did not involve the commission of a new crime. Jones recited portions of the original plea hearing transcript in support of his claim.
The trial court denied Jones' motion. However, no portions of the original plea hearing transcript were attached to or referenced in the trial court's order and the portions of the record that were attached to the order and relied upon by the trial court do not refute Jones' allegations. Therefore, we reverse and remand for the trial court to either attach portions of the record that conclusively refute Jones' claim or to hold an evidentiary hearing. See Reese v. State, 869 So.2d 1225 (Fla. 2d DCA 2004).
Reversed and remanded with directions.
WHATLEY and CANADY, JJ., Concur.