SHEPHERD, J.
Rayvon Jackson (a/k/a Salomon Duhart) appeals the trial court’s order denying his pro se motion to correct illegal sentence pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure. We reverse and remand for further proceedings.
On September 5, 2003, Jackson pled guilty to the offense of possession of cocaine and was placed on drug offender probation for a period of two years. Two months later, an Affidavit of Violation of Drug Offender Probation was filed as a result of Jackson’s failure to report as required to the TASC drug treatment program on September 15, 2003, and four new offenses occurring on September 19, 2003. On January 9, 2004, Jackson entered into a global plea agreement to dispose of both the new charges and the probation violation. For the new offense of burglary of *1134 an unoccupied dwelling, Jackson was sentenced to twelve-and-one-half years in state prison as a habitual offender to be followed by five years probation, and for the new offense of possession of burglary tools he was sentenced to five years in prison as a habitual offender followed by five years probation. For the remaining two new offenses, resisting an officer without violence and giving a false name or identification after arrest, he was sentenced to 364 days in county jail. And, finally, Jackson was sentenced to five years in state prison on the former offense for having violated the conditions of his drug offender probation. All sentences were ordered to run concurrently with each other.
In the Rule 3.800 motion which has spawned this proceeding, Jackson argues that the probationary sentences as to the new offenses are illegal because they were unlawfully imposed as part of a drug offense. See § 948.034, Fla. Stat. (2004). The notation “ * Drug Offender” does appear adjacent to the lines of the split sentences that respectively impose the two five-year probationary sentences. In response to Jackson’s argument, the State urges that reference to the terms of the Order of Supervision included in the record sufficiently clarifies these notations so as to conclusively demonstrate that they neither intimate nor invoke Section 948.034. We disagree.
Because the record before this court fails to conclusively demonstrate that the appellant is not entitled to any relief, we reverse the denial of the appellant’s motion for post conviction relief. See Fla. R.App. P. 9.141(b)(2)(D)(“On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.”). On remand, the trial court may either summarily deny the motion and attach to its order those portions of the record, including most prominently the transcript of the January 9, 2004 global plea hearing, which conclusively show that the defendant is not entitled to relief, or conduct other appropriate proceedings and then rule on the motion. Walker v. State, 432 So.2d 727 (Fla. 3d DCA 1983); Jones v. State, 893 So.2d 713 (Fla. 2d DCA 2005); Lowe v. State, 895 So.2d 529 (Fla. 4th DCA 2005).
Reversed.