936 So.2d 737 (2006)
Ernest BORDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1557.
District Court of Appeal of Florida, Second District.
August 23, 2006.
LaROSE, Judge.
Ernest Borders appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm, without further comment, the postconviction court's denial of Mr. Borders' claim of prosecutorial misconduct. We reverse as to his claim concerning prison and jail credit because the postconviction court did not conclusively refute it.
*738 According to Mr. Borders' rule 3.850 motion, trial counsel advised him that if he admitted to violating his probation, he would receive a 150.8-month prison sentence with full credit for all prior time served. Allegedly, trial counsel told Mr. Borders that he would serve only a little over two years in prison. Mr. Borders claims he admitted to violating his probation in exchange for a 150.8-month prison sentence, with full credit for the ten years he served prior to violating probation and seventy days of county jail credit. The trial court accepted the admission and sentenced Mr. Borders to 150.8 months in State prison, but failed to provide credit for any prior prison or jail time. Thereafter, the Department of Corrections forfeited Mr. Borders' gain time under section 944.28(1), Florida Statutes (2005). Mr. Borders filed a motion to establish credit for time served. Although the trial court granted the motion, our record does not indicate the amount of credit given. Evidently, however, the trial court did not award Mr. Borders the full ten years and seventy days of credit.
Misadvice as to gain time or the sentence's actual length is a cognizable claim of ineffective assistance of counsel. State v. Leroux, 689 So.2d 235, 236 (Fla. 1996). A facially sufficient claim of ineffective assistance in the plea process requires alleging that (1) counsel acted deficiently, and (2) but for counsel's deficiency, the defendant would not have pleaded but would have gone to trial. Grosvenor v. State, 874 So.2d 1176, 1182 (Fla.2004). Mr. Borders' claim is facially sufficient.
In opposition to Mr. Borders' rule 3.850 motion, the State argued that Mr. Borders refuted his own claim. The postconviction court adopted the State's reasoning and denied Mr. Borders' motion. We must disagree with this result.
Nothing in the rule 3.850 motion conclusively refutes Mr. Borders' claim. Moreover, the postconviction court attached nothing to its order conclusively refuting it. See Jones v. State, 893 So.2d 713, 713 (Fla. 2d DCA 2005). Consequently, we reverse. On remand, the postconviction court should either attach portions of the record conclusively refuting Mr. Borders' claim or conduct an evidentiary hearing.
Affirmed in part, reversed in part, and remanded with instructions.
WHATLEY and VILLANTI, JJ., Concur.