VILLANTI, Judge,
Concurring in part and dissenting in part.
I agree with the majority that Reyna is not entitled to relief on claims one and three of his motion for postconviction relief. However, because I find the allegations of claim two of Reyna’s motion both legally and facially insufficient, I would affirm the trial court’s order denying Reyna relief on that ground as well.
While the record before this court is somewhat limited, it does reflect that on September 10, 2003, Reyna entered no contest pleas to two counts of burglary of a dwelling, three counts of burglary of a structure, and four counts of third-degree grand theft in seven separate cases. The trial court sentenced him to two years in prison followed by two years’ probation on each count, with all the sentences to run concurrently.
Subsequently, on March 29, 2005, while Reyna was serving his probationary term, he was arrested and charged with numerous counts of loitering and prowling. On September 13, 2005, at Reyna’s violation of probation (VOP) hearing, his counsel announced for the record that the State extended a plea offer to Reyna of twenty years in prison, which offer would resolve all of the VOP cases as well as the new charges filed against Reyna as a result of his most recent arrest. Counsel also announced that he had discussed the plea *1135 offer with Reyna and that Reyna had rejected it. After a VOP hearing, the trial court found that Reyna had violated his probation, and it sentenced him to the statutory maximum for each of the VOP offenses with the sentences to run consecutively. This resulted in a fifty-five-year prison sentence, which this court affirmed on direct appeal. See Reyna v. State, 941 So.2d 379 (Fla. 2d DCA 2006) (table decision). The new charges against Reyna stemming from his March 29 arrest remained pending.
On March 5, 2007, Reyna filed a timely motion for postconviction relief pursuant to rule 3.850 in the VOP cases. In claim two of his motion, Reyna contended that his trial counsel was ineffective in his explanation, or lack thereof, concerning the time Reyna would actually spend in prison if he chose to accept the State’s twenty-year plea offer. Reyna’s allegations pertinent to claim two read as follows:
13). On March 29th, 2005, the Defendant was arrested and charged with (Loitering and Prowling) in which [sic] resulted in a violation of his current probation status for his prior offenses. On September 13th, 2005, at Defendant’s final (VOP) hearing, the Defendant’s trial counsel (Mr. Rodriguez) noted for the record that the State had offered the Defendant a “plea deal” of (20) years in the Department of Corrections which would take care of the new cases that the Defendant was charged with, the VOP (violation of probation), and any new cases that where [sic] in fact open at the time of sentencing[.]
[[Image here]]
15). Accordingly, the trial counsel stated to the Court that he in fact visited the Defendant three times in order to express to the Defendant what the State was offering in the matter of plea deal. Here, the trial counsel stated that he told the Defendant he was facing more than the (20) years if the State proved all the cases against him[.]
16). However, the Defendant argues that he was led to believe that the plea offer was mandatory because the trial counsel kept advising him as to the maximum time he could have received in prison if found guilty on all the charges, and not the minimum time he could have received if he had taken the State’s plea offer of (20) years with all available jail and prison time credits served. See Fla. R.Crim. Proc. 3.171(c)(2)(B) (“mandating that counsel advise defendant of all pertinent matters bearing on the choice of which plea to enter and the particulars attended [sic] upon each plea and the likely results thereof, as well as and [sic] possible alternatives that may be open to defendant”)[.]
17). The Defendant further argues that when the trial counsel came to see him in a[sic] “attorney visit” at the Hen-dry County Jail, that he did not bring an interpreter to translate for him concerning the State’s plea offer. The Defendant testified that he does not speak or read good English, and the trial counsel was only confusing him, and never properly explained that the Defendant could have received a lesser sentence with all jail time credit, prison time credit, and/or eligible prison gain tim,e credit. See State v. Leroux, 689 So.2d 235, 236 (Fla.1996) “Misadvice as to gain time or the sentence actual length is a cognizable claim of ineffective assistance of counsel.” See also Morales v. State, 731 So.2d 91 (Fla. 4DCA 1999) “Counsel’s failure to direct an interpreter to assist defendant during discussions concerning the plea offer held sufficient to warrant evidentiary hearing.” Id. at 91, keynote [1].
*1136 18). Let the record reflect that Defendant was willing to take a plea offer of (10) years in prison but, the State rejected this counter offer[.] However, had Defendant been correctly informed by trial counsel that he could have received all previous jail time credits and prison credits toward the (20) year plea deal, which would have made his sentence lesser, then he would have accepted the State’s offer. See also Reed v. State, 903 So.2d 344 (Fla. 1DCA 2006 [2005]); citing Steel v. State, 684 So.2d 290 (Fla. 4DCA 1996) “A claim that misinformation supplied by counsel induced a defendant to reject a favorable plea offer can constitute actionable ineffective assistance of counsel.”
19). Defendant asserts that at the time of the revocation hearing he was unaware that he had accumulated close to (2) years of previous jail time and prison time served, that could have been awarded to him, pursuant to the plea deal. Also, he was not informed that he could have received 85% off of the remaining (18) years, in which [sic] he would only have left to serve (15) years prison, instead of the maximum (20) year sentence, as misinformed to him by his trial counsel. See Green v. State [State v. Green], 547 So.2d 925 (Fla.S.Ct.1989) “Generally, on any case with an offense date after October 1st, 1989, when a defendant’s probation is revoked, he would receive credit against that sentence for “jail time served” and for actual day for day “prison time served ...” Id. at 927[.]
20). Accordingly, Defendant contends that he has made a prima facie case for relief and a direct result of trial counsels [sic] omission regarding the length of plea offer and/or eligibility for all jail time, prison time and gain time credit toward the State’s plea, prejudiced him in receiving a fair trial and denied him effective assistance of trial counsel.
(Internal record citations omitted; footnote omitted; bold emphasis added.)
In his reply to the State’s response to his motion, Reyna also alleged that “he was misled to believe that the (20) year plea was a ‘mandatory’ sentence due to counsel’s omission, and had his counsel properly conveyed the plea he would have accepted it.” (Bold emphasis added.) However, later in that same motion, Reyna alleged that he was never “properly or fully ad,vised about the jail time prison time reduction.” (Emphasis added.)
The majority reads these allegations to say that Reyna’s trial counsel wholly failed to inform Reyna of his alleged eligibility for credits for prior jail and prison time served. The majority asserts that trial counsel’s alleged failure to inform Reyna of these available credits resulted in Reyna not being advised of “the direct consequences of a guilty plea.” I disagree. The State’s twenty-year plea offer was intended to resolve Reyna’s YOP charges as well a,s the new charges pending against him. While Reyna might have been entitled to credit for prior jail and prison time on his VOP charges, he was not entitled to such credit against the new charges. See, e.g., Blake v. State, 807 So.2d 772, 773 (Fla. 2d DCA 2002) (noting that “a defendant ‘is only entitled to credit against each sentence for the time spent in jail for the charge which led to that sentence’ ” (quoting Keene v. State, 500 So.2d 592, 594 (Fla. 2d DCA 1986))). Thus, had counsel told Reyna that his prior jail and prison time would have been set off against the State’s twenty-year plea offer, such advice would have been incorrect. Accordingly, because the advice Reyna claims he was not given was itself incorrect, I cannot agree that *1137 Reyna has alleged a legally sufficient claim for ineffective assistance of counsel.
Moreover, even if Reyna had been entitled to a set-off of his prior jail and prison time against the twenty-year sentence offered, I do not believe that trial counsel’s failure to advise Reyna of this would constitute ineffective assistance of counsel. This court has never held that trial counsel has an obligation to explain the calculation of jail or prison credit to a defendant when counseling that defendant concerning a plea offer from the State. Given the complexities of the current sentencing laws, the discretion afforded trial courts concerning the award of credit, and the ever-changing gain time rules of the Department of Corrections, any attempt by trial counsel to accurately predict the actual length of a given defendant’s sentence would be ill-advised and a guessing game at best. This is all the more true because, if trial counsel attempts such a task and is incorrect, even through no fault of his or her own, that misadvice will support an ineffective assistance of counsel claim. See, e.g., State v. Leroux, 689 So.2d 235, 236 (Fla.1996) (noting that “counsel’s erroneous advice regarding the length of sentence or eligibility for gain time or early release can be the basis for postconviction relief’); Borders v. State, 936 So.2d 737, 737 (Fla. 2d DCA 2006) (finding that the defendant stated a facially sufficient claim of ineffective assistance of counsel after counsel advised the defendant that he would be entitled to full credit for all prior time served but the court refused to award such full credit). Thus, I cannot agree with the majority’s apparently new requirement that trial counsel attempt to calculate the prison term a defendant will actually serve when conveying a plea offer from the State.
Finally, while I disagree with the majority that the failure to advise a defendant of possible jail time and prison time credits can support a claim for ineffective assistance of counsel, I recognize that “if counsel chooses to offer such advice, then the advice given must be accurate.” Deck v. State, 985 So.2d 1234, 1236 (Fla. 2d DCA 2008). Thus, if defense counsel attempted to explain jail and prison credits to Reyna and did so inaccurately, I agree that such misadvice could support a claim for ineffective assistance of counsel.
Here, however, I find Reyna’s allegations to be ambiguous, thus rendering his motion facially insufficient. As noted above, Reyna alleged that he was “misled” by “counsel’s omission” into believing that the twenty-year sentence offered by the State was mandatory. He also alleged that trial counsel did not “properly explain” that Reyna could be entitled to jail credit and prison credit and that he might be eligible for gain time. I frankly cannot determine from these allegations whether Reyna is contending that trial counsel explained the issue of jail and prison credit but provided improper information or whether Reyna is contending that counsel wholly failed to advise him on this issue, which Reyna asserts was not “proper.” The majority presumes the latter, and the postconviction court presumes the former. Interestingly, although diametrically opposed, both the postconviction court’s view and the majority’s view are plausible interpretations of Reyna’s claim. As these differing conclusions prove, Reyna’s claim is, at best, ambiguous. This ambiguity renders Reyna’s claim, as currently pleaded, facially insufficient. Hence I would not reverse for an evidentiary hearing since Reyna is not entitled to a hearing on facially insufficient- claims. See Morgan v. State, 991 So.2d 835, 841 (Fla.2008) (noting that a defendant is not entitled to an evi-dentiary hearing on facially insufficient claims). Instead, I would affirm the post-conviction court’s denial of relief on this *1138 claim, and I dissent from the portion of the majority’s opinion holding otherwise.