KELLY, Judge.
 

 Lawrence P. Alfano challenges the order of the postconviction court summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
 

 Alfano pleaded nolo contendere to the charges of grand theft and carrying a concealed weapon. He was sentenced to twelve months’ probation with the condition that he pay $550 restitution to the victim of the grand theft. In his rule 3.850 motion, Alfano claimed that his plea was involuntarily entered because it was premised on trial counsel’s advice that his probation would terminate as soon as he paid the full amount of restitution. Alfano alleged that he subsequently was advised by his probation -officer that he was required to be on probation for at least six months regardless of whether he paid the full amount. In its order denying Alfano’s motion, the postconviction court found that Alfano claimed that his plea was involuntarily entered because he was not aware that he was going to be sentenced to probation. This was not the basis of Alfano’s claim. Alfano claimed that his plea was involuntary because he was misinformed regarding the length of time he was required to spend on probation. This is a proper basis for a claim that the plea was involuntai'ily entered.
 
 See Borders v. State,
 
 936 So.2d 737 (Fla. 2d DCA 2006) (holding that misadvice as to a sentence’s actual length is a cognizable claim of ineffective assistance of counsel). However, for such a claim to be facially sufficient, the movant must allege that he would not have pleaded had he been advised correctly.
 
 Id.
 
 at 738. Alfano did not do so, and he has therefore not presented a facially sufficient claim.
 

 We affirm the order of the postconviction court without prejudice to any right Alfano may have to file a timely rule 3.850 motion containing a facially sufficient claim that his plea was involuntarily entered because he was misadvised regarding the time he would have to spend on probation. The postconviction court shall not consider such a motion to be successive.
 

 Affirmed.
 

 WHATLEY and CRENSHAW, JJ., Concur.