DAVIS, Judge.
 

 Jose Luis Morales appeals the order denying his timely motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he raised five grounds for relief. We reverse and remand for further proceedings on ground three only. We affirm the remainder of the postconviction court’s order without comment.
 

 On June 8, 2009, Morales pleaded guilty to attempted sexual battery of a child under twelve years of age and burglary with battery. Morales was sentenced to concurrent terms of twenty years’ imprisonment on each count, followed by ten years of sex offender probation. However, Morales claimed that his plea was involuntary due to his counsel’s affirmative misadvice regarding the probable length of his sentence. Specifically, Morales claimed that his counsel informed him that if he accepted the plea and maintained good behavior, he would only serve fourteen years of the twenty-year sentence. This estimate was allegedly based on a pending change in gaintime law that would supposedly benefit Morales upon coming into effect. Morales claimed that had his counsel not provided affirmative misadvice as to the amount of time he would ultimately serve, he would not have entered his guilty plea.
 

 The postconviction court denied this claim as an attempt to go behind the plea, finding that the plea colloquy had addressed Morales’s maximum sentence and whether Morales had been promised anything.
 
 See Stano v. State,
 
 520 So.2d 278, 279-80 (Fla.1988) (holding that a defendant cannot relitigate the plea when it was clear the plea was voluntarily entered). However, the Florida Supreme Court has held that certain claims of ineffective assistance of counsel based on erroneous advice cannot be refuted by the plea colloquy unless it specifically and correctly addressed the issue upon which the misad-vice was given.
 
 See State v. Leroux,
 
 689 So.2d 285, 237 (Fla.1996). Furthermore, such valid claims of erroneous advice extend to misrepresentations about the effect and application of gaintime on the length of the defendant’s prison sentence, as is the case here.
 
 See Leroux,
 
 689 So.2d at 236;
 
 Borders v. State,
 
 936 So.2d 737, 738 (Fla. 2d DCA 2006). In such cases, “were it to be made clear to a defendant at the time the plea was entered that he could not rely on anyone’s estimated computation of the time the defendant would actually serve, then such a defendant would have no basis to complain later.”
 
 Leroux,
 
 689 So.2d at 237. However, where a basic plea colloquy is given, it typically “cannot be said that respondent’s allegations of the misadvice of counsel are ‘conclusively’ rebutted.”
 
 Id.
 

 In Morales’s case, the court conducted a standard plea colloquy that did not include a discussion of sentence length specific enough to satisfy the
 
 Leroux
 
 standard or conclusively rebut counsel’s alleged misadvice. Accordingly, we must reverse the postconviction court’s denial of ground three. On remand, the postconviction court is instructed to either attach portions of the record conclusively refuting Morales’s claim or conduct an evidentiary hearing. We affirm the order in all other respects.
 

 Affirmed in part, reversed in part, and remanded.
 

 
 *1088
 
 NORTHCUTT, J., Concurs.
 

 KELLY, J., Dissents.